## Case No. 12,421.

### SAYLES v. NORTHWESTERN INS. CO.

[2 Curt. 212.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1854.

REMOVAL OF CAUSES — JURISDICTION — OBJECTION AFTER REMOVAL.

If a foreign corporation sued in a state court, appear there and remove the suit to this court, under the 12th section of the judiciary act of 1789 (1 Stat. 79), it is too late to object to the jurisdiction of the state court, or to take any exception to the process, by which the corporation was brought in; and it is not a valid objection, that not being an inhabitant or found within the district, the suit could not have been commenced in this court.

[Cited in Barney v. Globe Bank, Case No. 1,-031; Winans v. McKean R. & Nav. Co., Id. 17,862; Bushnell v. Kennedy, 9 Wall. (76 U. S.) 394; Atkins v. Fibre Disintegrating Co., Case No. 602; Sands v. Smith, Id. 12,305; Grover & B. Sewing Mach. Co. v. Florence Sewing Mach. Co., 18 Wall. (85 U. S.) 580; Moynahan v. Wilson, Case No. 9,897; Werthein v. Continental Ry. & Trust Co., 11 Fed. 692; Small v. Montgomery, 17 Fed. 866; Edwards v. Connecticut Mut. Life Ins. Co., 20 Fed. 453; Fidelity Trust Co. v. Gill Car Co., 25 Fed. 742; Erwin v. Walsh, 27 Fed. 580; Kansas City & T. R. Co. v. Interstate Lumber Co., 37 Fed. 6; Hills v. Richmond & D. R. Co., Id. 661; Porter Land & Water Co. v. Baskin, 43 Fed. 326; Bentlif v. London & C. Finance Corp., 44 Fed. 668; Tallman v. Baltimore & O. R. Co., 45 Fed. 158; Reifsnider v. American Imp. Pub. Co., Id. 434; Ahlhauser v. Butler, 50 Fed. 706; Morris v. Graham, 51 Fed. 53, 54; Caskey v. Chenoweth, 10 C. C. A. 605, 62 Fed. 716; New York, L. E. & W. R. Co. v. Estill, 147 U. S. 611, 13 Sup. Ct. 452; Wabash W. Ry. v. Brow, 13 C. C. A. 222, 65 Fed. 945, 947; Goldey v. Morning News, 15 Sup. Ct. 561.]

[Cited in Beery v. Irick, 22 Grat. 484; Craven v. Turner (Me.) 19 Atl. 867; Whiton v. Chicago & N. W. Ry. Co., 25 Wis. 427.]

[This was an action at law by William F. Sayles against the Northwestern Insurance Company on an insurance policy.]

F. A. Jenckes, for plaintiff.
Mr. Bradley, contra.

CURTIS, Circuit Justice. This action was brought in the supreme court of the state of Rhode Island, and upon the petition of the defendant, was removed into this court, pursuant to the 12th section of the judiciary act of 1789 [1 Stat. 79]. The defendant now moves to dismiss the action for want of jurisdiction. The ground of objection is, that the only service made was by an attachment of the goods and effects of the defendant, which, being a foreign corporation, was not and could not be found within this district. If this suit had been commenced by process out of this court, it would be a fatal objection that the defendant was not found within the district, or that process could not be served here on him personally. Because the 11th

section of the judiciary act of 1789 [supra], requires personal service of process on the defendant, within the district where the suit is brought, if he be not an inhabitant of the district. But the jurisdiction over this case, does not depend on the eleventh, but on the twelfth section of the act. If it be a suit which that section authorized the defendant to remove, it empowers this court to take jurisdiction over it when removed. The question, therefore, really is, whether the suit was rightly removed. If it was, the motion to dismiss must be overruled; if it was not, the action must be remanded to the state court. It is not a valid objection to the removal of an action from a state to a circuit court, that the process was not served in conformity with the laws of the United States. The process being under the laws of the state, must be served in conformity with those laws, and the laws of the United States have no bearing on the matter.

If a non-resident citizen of another state, when sued in a state court without personal service of the process, could remove the action to the circuit court, and there have it dismissed because no personal service was made, the states would be effectually debarred from executing all their laws for making service upon the property of non-residents. Yet the power to make laws which shall bind by judgments, the property of non-residents, is one which confined within proper limits, belongs to every state, has been extensively used, and is of much practical importance to its citizens. It is true, such judgments are valid only for the purpose of binding the property attached. In some sense they are proceedings in rem. But, to the extent of the property proceeded against, their validity is clear, and there is no act of congress which was designed to interfere with them, or to restrain the states from allowing their recovery. Besides, it has been held in Toland v. Sprague, 12 Pet. [37 U. S.] 300, that the locality of the action within the district where the defendant is an inhabitant, or is found, is a personal privilege of the defendant, which he may waive, by appearing and pleading to the action. And I am of opinion, that when he appears in the state court, files a petition for leave to remove the action, gives a bond to enter it in the circuit court, and actually enters it there, he has thereby waived any personal privilege he might have had to be sued in another district. If pleading to the action amounts to a waiver of such a privilege, upon the ground that he ought not afterwards to be heard to object to the means by which he was brought into court, I do not perceive why these proceedings should not have the same effect. The defendant comes in, becomes the actor, treats the suit as one properly instituted, removes it to another court and enters it there, and then says he was not obliged to appear at all, and the state court in effect had no suit before it. This, I am of opinion, he cannot do. I con-

sider, that this court will not look back to inquire into, or try the question whether the state court had jurisdiction. The act of congress allows defendants to remove actual and legally pending suits from the state courts. If this were not such a suit, the defendant should not have brought it here. By bringing it here, he voluntarily treats it as properly commenced, and actually pending in the state court; and he cannot, after it has been entered here, treat it otherwise.

It is urged, that this will prevent citizens of other states from trying in this court the question whether the state court had jurisdiction. Not so. If the state court had no jurisdiction, and the defendant does not appear, its proceedings are all void; and may be shown to be so in an action brought in this court against any one who meddles with the person or property of the defendant, under the color of such proceedings. The only objections which the defendant will be precluded from trying here, are technical objections, which do not affect the merits; and I see no good reason why he should not be prevented from trying them here. The design of the act of congress was, to enable citizens of other states to remove their cases here for a trial of their merits; not to take technical objections to the form and mode of service of process. These remarks apply also to the other objection which has been taken to the form of the writ; though I am inclined to the opinion that the twenty-first section of the process act of the state, is to be taken in connection with the thirty-fourth and thirty-fifth sections; and that when a foreign corporation is sued, a writ of summons and attachment is the proper form, and may be served as a foreign, as well as a direct attachment of the property of such a corporation.

[For final hearing in this cause, see Case No. 12,422.]