JANE CARROLL, MARIA C. FITZHUGH, ET AL., DEVISEES OF DANIEL CARROLL OF DUDDINGTON, PLAINTIFFS IN ERROR, *v.* NICHOLAS DORSEY, NOAH DORSEY, ACHSAH DORSEY, TRISTAM S. DORSEY, HEIRS AT LAW OF ALFRED R. DOWSON, DECEASED.

Although an irregularity in the citation may be cured by an appearance in court, yet a defect in the writ of error, (such as not naming a return day for the writ,) or an omission to file a transcript of the record at the term next succeeding the issuing of the writ or the taking of the appeal, are fatal errors, and the case must be dismissed for want of jurisdiction.

THIS case was brought up, by writ of error, from the Circuit Court of the United States for the District of Columbia, holden in and for the county of Washington.

A motion was made to dismiss it, by *Mr. Bradley* and *Mr. Charles Lee Jones,* for the following reasons, viz:

That it is manifest, by the record filed in this court in the said cause, that the judgment therein was rendered in the Circuit Court of the District of Columbia, at the October term of said court, in the year 1851.

That the appeal bond filed therein bears date the 27th day of May, 1853; that the recital of the said bond sets out a writ of error, returnable to the term of this court to be holden on the first Monday of December then next ensuing; that the said bond was approved on the 17th day of December, 1853, being after the return day of said writ, as set out in the said bond; that the citation and writ of error were both issued on the 17th day of December, 1853, and the said writ of error was returnable to this court, without designating to what term the same should be returned; that the transcript of the record of the said cause was not returned to or filed in this court until the December term, 1856.

And therefore they say, for the said irregularities in the said proceedings, patent on the face of the record of the said cause, the said cause ought to be dismissed.

The motion was opposed by *Mr. Coxe,* who, after explaining the cause of the delay, contended that inasmuch as a general appearance was entered at December term, 1856, the motion to dismiss now came too late.

As a general rule, defects in *mesne* process are cured by appearance. (1 Bos. and Pul., 105, 250, 644.)

In 3 Cranch, 496, process had irregularly issued, in contravention of the express language of a statute prescribing to whom it should be directed. This irregularity was specially pleaded and demurred to. The court unanimously held that the appearance by attorney cured all irregularity of process.

In Harrison *v.* Rowan, 1 Peters C. C. R., 489, the true distinction is taken. It is said the eleventh section of the judiciary act, which relates to the service of process, is not a denial of jurisdiction, but the grant of a privilege to the defendant not to be sued out of the State where he resides, which he may waive by a voluntary appearance. (14 Peters, 174, 299.)

In 3 Dallas, 87, one error alleged was, that a monition should have issued; but this court held, that if this was a defect inquirable into by it, it was cured by appearance. (8 Wheat., 699.)

In 4 Cranch, 180, it was held, that where the writ of error is returned, although not at the first term, the appearance of defendant in error waives all objection to the irregularity.

In 3 Howard, 693, McDonogh v. Millaudon, the party by appearance and delay was held to waive all objection; and in 13 Howard, Buckingham v. McLean, a motion at a subsequent term after appearance was held to be too late.

As to any irregularity in the form of the writ, that at most is a mere clerical error, and cannot prejudice the parties in the case.

Mr. Chief Justice TANEY delivered the opinion of the court.

A motion has been made to dismiss this case, for want of jurisdiction.

It appears that an action of ejectment was brought by the plaintiffs in error against the defendants, in the Circuit Court of the District of Columbia, and upon the trial the verdict and judgment was for the defendants.

The particular day on which the judgment was rendered is not given; but it is stated as a judgment on the third Monday in October, in the year 1851, which it appears was the first day of the term. But it also appears that two exceptions were taken at the trial by the plaintiffs, one dated the 20th and the other the 22d of November; so that the judgment would seem to have been rendered a few days before the December term, 1851, of this court.

No steps were taken to bring it here for revision, until the 27th of May, 1853, when an appeal bond was approved by the presiding judge, which recites that the plaintiffs had obtained a writ of error, returnable to the next term of this court, and filed it in the clerk's office. No such writ of error, however, appears to have been issued. A paper, purporting to be a writ of error, was issued after the commencement of December term, 1853; that is, on the 17th of that month. This paper is made returnable to the Supreme Court in general terms, without naming any day or even any term at which the defendants were required to appear. The transcript before us also contains a citation, signed by the presiding judge, and the service is acknowledged by the attorney for the defendants. But the citation, like the paper purporting to be a writ of error, specifies no day or term at which the defendants are required to appear, and, moreover, is not itself dated.

No further proceedings were had, to bring up the case, until December term, 1856, when the record was filed without any other writ of error, bond, or citation; and at the

same term the defendants, by their counsel, appeared in this court.

It is evident, from this statement, that the case is not before the court. The act of 1789, sec. 22, requires that the writ of error should be made returnable on a certain day, therein named; and, indeed, upon common-law principles, a certain return day in a writ of error is essential to its validity. There is therefore no process by which the case is legally brought before this court, and consequently we have no jurisdiction over it. And if the process was free from exception, and if a writ of error, such as is known and recognised by law, had been issued and filed in the Circuit Court, yet no transcript of the record was filed here until nearly three years afterwards; and this court have repeatedly said that the transcript of the record must be filed at the term next succeeding the issuing of the writ or the taking of the appeal, in order to bring the case within the jurisdiction of this court.

But it is said, on behalf of the plaintiffs in error, that these are mere irregularities, which were waived by the general appearance at the last term, and that the motion at the present term is too late.

Undoubtedly the appearance of the defendants at the last term, without making a motion to dismiss, cures the defect in the citation. The citation is nothing more than notice to the party to appear at the time specified for the return of the writ of error. And if he appears, it shows that he had notice; and if he makes no objection during the first term to the want of notice, or to any defect in the citation, he must be regarded as having waived it. The citation is required for his benefit, and he may therefore waive it if he thinks proper, and proceed to trial in the appellate court. This point was decided in the case of the United States v. Yulee et al., 6 How., 603; but the court at the same time said that the appearance did not preclude the party from afterwards moving to dismiss for the want of jurisdiction, or upon any other sufficient ground.

The same point was again decided in the case of Buckingham et al. v. McLean et al., 13 How., 150, in which the court said that a motion to dismiss for want of a citation must be made at the first term at which the party appears, and is too late if made at a subsequent term. But the want of a writ of error, such as is prescribed by the act of Congress, stands on different ground. And in the case of the United States v. Curry, 6 How., 118, the court held, that where the power of the court to hear and determine a case is conferred by acts of Congress, and the same authority which gives the jurisdiction points

out the manner in which it shall be brought before us, we have no power to dispense with the provisions of the law, nor to change or modify them.

Upon this ground, the case is not legally before us, and must be dismissed for want of jurisdiction.