LAMAR, The (BULLOCH v.). See Case No. 2,129.

## Case No. 8,005.

### LAMAR v. DANA.

[10 Blatchf. 34.] [1]

Circuit Court, S. D. New York. June 5. 1872.

REMOVAL OF CAUSES—DAMAGES—FALSE ARREST—AUTHORITY OF PRESIDENT DURING REBELLION.

1. A suit brought in a state court having been removed into this court, under section 5 of the act of March 3, 1863 (12 Stat. 756), as having been brought for an arrest of the plaintiff, made by the defendant, during the late Rebellion, by authority of the president, the plaintiff moved to remand the cause to the state court, on the ground that the jurisdiction of this court over it had been taken away by the act of March 2, 1867 (14 Stat. 432). *Held*, that the motion must be denied.

2. Notwithstanding the latter act, the parties respectively can raise any questions in this court, after removal here, which they could raise if the cause had been here commenced, or which they could raise in the state court, if the cause were remanded.

[Cited in Moynahan v. Wilson, Case No. 9,897; Morris v. Graham, 51 Fed. 54.]

3. If it be insisted that the said act of March 2, 1867, legalizing acts done by authority of the president, and forbidding all courts, state or federal, to take jurisdiction thereof, be invalid, as unconstitutional, such invalidity can be urged in the federal court, with the same effect as in the state courts, and on like grounds.

4. An act of congress, relied upon as a defence, ought not to be declared unconstitutional, on such a motion, but such defence should be met in the ordinary mode, on trial, demurrer or otherwise, in which a ruling upon the question may appear on the record, and, if need be, may be reviewed in the court of last resort.

[This action by Gazaway B. Lamar against Charles A. Dana was heard on motion of plaintiff to remand the cause to the state court.]

William W. McFarland, for plaintiff.
Noah Davis, Dist. Atty., for defendant.

WOODRUFF, Circuit Judge. The declaration in this action alleges, that, in April, 1865, at Savannah, in Georgia, the defendant, by authority, and with the approval, of the president of the United States, with force and arms, seized and laid hold of the plaintiff, expelled him from his dwelling house, transported him to Washington and to prison, and there confined him for three months, without reasonable or probable cause, and contrary to law, giving other particulars of alleged injury, &c., and prays damages one hundred thousand dollars. The action was brought in a court of the state, and, on application of the defendant, was removed to this court. The plaintiff now moves to remand the cause, on the ground that this court has no jurisdiction to hear, try or determine it.

By the fifth section of the act of March 3, 1863 (12 Stat. 756), it is enacted, that, "if any

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

suit or prosecution, civil or criminal, has been, or shall be, commenced in any state court, against any officer, civil or military, or against any other person, for any arrest or imprisonment made, or other trespasses or wrongs done or committed, * * * at any time during the present Rebellion, by virtue, or under color, of any authority derived from, or exercised by or under, the president of the United States," the defendant, complying with the conditions prescribed in the act, may have the cause removed for trial to the circuit court of the United States, that the state court shall proceed no further therein, and that the "cause shall proceed" in the circuit court "in the same manner as if it had been brought in said court by original process." That the present action is within the operation of this act appears by the declaration, more fully by the affidavits read on the motion, and was expressly admitted on the argument. If, therefore, there is nothing else affecting the question, the cause was properly removed to this court, on the application of the defendant, and, if any further steps are taken therein, in any form and for any purpose, the cause must proceed in this court.

By the act of March 2, 1867 (14 Stat. 432), it is enacted, that, "all acts, proclamations, and orders of the president of the United States, or acts done by his authority or approval, after the 4th of March, A. D. 1861, and before the 1st day of July, A. D. 1866, respecting martial law * * * or the arrest, imprisonment and trial of persons charged with participation in the late Rebellion, * * * or as aiders or abettors thereof, * * * and all proceedings and acts done or had by courts martial, * * * or arrests and imprisonments made in the premises by any person by the authority of the orders or proclamations of the president, made as aforesaid, or in aid thereof, are hereby approved, in all respects, legalized and made valid. * * * And no civil court of the United States, or of any state, or of the District of Columbia, or of any district or territory of the United States, shall have or take jurisdiction of, or in any manner reverse, any of the proceedings had or acts done as aforesaid, nor shall any person be held to answer in any of said courts for any act done, or omitted to be done, in pursuance, or in aid, of any of said proclamations or orders, or by authority, or with the approval, of the president, within the period aforesaid, and respecting any of the matters aforesaid."

In support of the present motion, it is argued, that this last named act of congress, if it has operation according to its terms, has destroyed the plaintiff's cause of action, defeated his remedy, and taken from this court all jurisdiction to entertain the suit for any purpose; that, such jurisdiction having been withdrawn from this court, the plaintiff cannot be permitted here to raise

any question touching the validity of the act of congress, or covering any ground upon which he claims a right to recover, notwithstanding the act; that the state court has jurisdiction of such a cause of action, and congress cannot impair that jurisdiction; that, in the state court, the plaintiff can be heard, not only on the question of the validity of an act of congress which purports to forbid the state court from holding the defendant to answer, but on the effect of the act in attempting a retrospective affirmance of the validity of the defendant's acts toward the plaintiff, and also on any other question upon which, in the state court, the plaintiff's right to recover may seem to depend; that, as the circuit court derives its jurisdiction from acts of congress, so a jurisdiction once conferred may be withdrawn, and, by the act last cited, all jurisdiction of the subject-matter of this suit was withdrawn, and the only tribunal which can lawfully consider the questions involved therein is the state court from which the cause was removed, and that court may deny that congress can deprive it of jurisdiction to inquire into the sufficiency and legality of any justification under the authority of the president, or to hold the defendant to answer to the cause of action alleged in due form in that court; and that the cause should, therefore, be remanded.

The answer to the motion and to the grounds upon which it is urged does not seem to me to be doubtful.

(1) So far as the removal of the cause from the state court to the federal tribunal operates to deprive the former of jurisdiction, the act of 1863 is not claimed to be invalid. Within the scope of the jurisdiction which may, under the constitution of the United States, be conferred on the federal tribunals, congress may secure to parties the benefit of that jurisdiction, as well by authorizing removal from the state courts, if suit be there begun, as by authorizing the bringing of the suit therein originally.

(2) The bringing of this action in the state court by the plaintiff confessedly made the precise case in which, by the act of 1863, the defendant had the right of removal to the federal court, for the adjudication of whatever question might arise therein. The right of removal, by the act of 1863, in no wise depended upon the nature or form of the question to be raised in the possible progress of the litigation, nor upon the form or manner in which thereafter it might be sought to raise it. The only condition of the right of removal was, that a suit had been commenced, and for a cause of action within the scope of the act.

(3) The act of 1867, as now claimed, has furnished a complete defence in the federal court, either by justifying the acts complained of, and so destroying the cause of action, or by forbidding the court to inquire beyond the mere fact that such acts were done by authority of the president, and, practically, in this case, in which such authority is conceded, forbidding the court to inquire at all into the matter. If the effect of the last named act is to close the door to any inquiry in the federal court, notwithstanding removal to that tribunal, one of two things follows, that is to say, the act, being valid, must be permitted to operate, and, as a practical result, inquiry into the validity of the acts done to the defendant by authority of the president, during the Rebellion, is excluded, and such authority is to be deemed the final test and conclusive denial of the plaintiff's right to complain thereof; or, if the act be not valid, then the act does not operate to prevent that inquiry in this court. To say that the act may operate to prevent inquiry, in the federal court, into any question which may be raised and passed upon in the state court, is a misconstruction of the statute. The act is valid, in its very terms, as forbidding any court from questioning the validity of the acts of which the validity is therein affirmed, or it is not. Its effect in the federal court is the same as, and no other than, in the state court.

(4) It is, I think, clear, that, whatever questions, arising upon the declaration in this cause, or upon such defence as may be interposed thereto, are open to inquiry or proof any where, are open to inquiry in this court.

(5) The act, by its terms, treats all civil courts, state and federal, alike, in this matter. If the statute is valid and binding, it would be idle to remand the cause to a state court, when, according to the very terms of the act of 1863, it has been duly removed to this tribunal, and the state court has been forbidden to proceed further therein, and when, also, that court can lawfully entertain no jurisdiction to impugn the act or authority of the president, or acts done under his authority, and can, in short, no more proceed in the action than can this court. If the act be not valid and binding, that objection can as well be urged in this court.

(6) But, what seems to me conclusive is, that the act of 1863, under which the action was removed to this court, directs this tribunal to proceed therein in the same manner as if the cause had been brought in this court by original process. The removal places the cause in the same position here as if so brought. This operates in this case as in all other cases so removed. Had the cause been brought here in the first instance, all legal defences would have been available to the defendant, whether they went to jurisdiction to inquire, or were in bar of the action on any ground. All that the removal has done is to change the tribunal which is to pass upon the questions involved. Power in congress to make such a change of tribunal, at the instance, and for the protection, of a defendant, is not

open to question, where, as in general, investigation of the merits of a controversy is to be had in the federal court; and, if it could be successfully insisted that the law, in this instance, operated to take away the jurisdiction of the state court, without conferring it upon the federal tribunal, and it were thereupon claimed that it was an unconstitutional interference with the jurisdiction of the state courts, I should say, that it is not suitable to declare an act of congress unconstitutional on such a motion as this. The plaintiff should be left to pursue the cause, meet such defence as the defendant may be advised to interpose, and present his objections based upon the supposed unconstitutionality of the acts of congress, in a form in which they can be considered, and, if need be, reviewed, in the ordinary course of judicial proceedings in the federal courts. The motion must be denied.

[This case was afterwards tried in the circuit court, and under the instructions of the court the jury rendered a verdict for the defendant. Case No. 8,006.]