## MORRIS *v.* GRAHAM *et al.*

*(Circuit Court, S. D. Florida. March 21, 1892.)*

1. SERVICE OF SUMMONS—WAIVER—APPEARANCE—REMOVAL OF CAUSE.

Where defendants enter a special appearance in the state court for the purpose of contesting the validity of service, and subsequently remove the cause to a federal court, such removal, even though it should be considered as equivalent to a general appearance, does not preclude the court from examining the legality of the original service; for, while a general appearance is a waiver of mere irregularities of service, the court may at any time dismiss the case for any illegality rendering the service void.

2. SAME—JURISDICTION—NONRESIDENTS—PUBLICATION.

A bill to remove cloud from title to real estate lying in a state is not an action *in personam*, to which personal service is necessary, and the state has authority to provide for service upon nonresidents by publication.

3. SAME—REPEAL OF STATUTES.

Act Fla. 1881, providing for personal service upon residents of the state not residing in the county where the suit was brought, repealed by implication the act of 1828, which authorized service upon such persons by publication.

4. SAME.

Act Fla. 1885, providing for service by publication for four weeks upon nonresidents of the state, persons whose residence is unknown, and persons who are absent from the state, or who conceal themselves so that service cannot be had, applies to all persons not reached by the act of 1881, and repeals by implication the act of 1828 as to all such persons.

5. SAME—CONSTITUTIONAL LAW—NONRESIDENTS—EQUAL PRIVILEGES.

As this act is therefore the only one in force relating to service by publication, and as it requires publication for the same period both as to citizens of Florida and citizens of other states, there is no ground for the contention that it is unconstitutional, as denying to citizens of other states the same privileges and immunities allowed to citizens of Florida.

In Equity. Bill by George W. Morris against Graham & Hubbel and others to remove cloud from title. The cause was commenced in a state court, and subsequently removed to this court.

*T. M. Shackleford,* for complainant.

*Arthur F. Odlin,* for respondents.

LOCKE, District Judge. Defendants herein entered a special appearance in the state court for the purpose of contesting the validity of service, and before the question was decided removed the cause to this court, leaving that question still pending. It is now strongly urged by complainant that the removal of the case into the United States court was equivalent to a general appearance, and waived any right of objection to the insufficiency of service or summons; citing and relying upon *Sayles* v. *Insurance Co.,* 2 Curt. 212; *Tallman* v. *Railroad Co.,* 45 Fed. Rep. 156; *Bushnell* v. *Kennedy,* 9 Wall. 387, 393; *Sweeny* v. *Coffin,* 1 Dill. 73, 75; *Edwards* v. *Insurance Co.,* 20 Fed. Rep. 452; and *Water Co.* v.

*Baskin*, 43 Fed. Rep. 323. In opposition to this view, it is urged that the removal from a state to a federal court, with a motion to dismiss pending under a special appearance, does not amount to a general appearance, and precludes the court from looking back of such removal, and examining into the validity of the service; citing *Atchison* v. *Morris*, 11 Fed. Rep. 582; *Miner* v. *Markham*, 28 Fed. Rep. 387; *Clews* v. *Iron Co.*, 44 Fed. Rep. 31; and *Forrest* v. *Railroad Co.*, 47 Fed. Rep. 1. Also referring to *Parrott* v. *Insurance Co.*, 5 Fed. Rep. 391; *Small* v. *Montgomery*, 17 Fed. Rep. 865; *Freidlander* v. *Pollock*, 5 Cold. 490; *Perkins* v. *Hendryx*, 40 Fed. Rep. 657; *Hendrickson* v. *Railway Co.*, 22 Fed. Rep. 569; *Harkness* v. *Hyde*, 98 U. S. 476. The general principle that a litigant is estopped from questioning the jurisdiction of the forum which he has himself selected and chosen, although the court may dismiss the cause for lack of jurisdiction, meets us at the outset. If there is an exception to this, it must be based upon some other principle of law sufficiently strong to overcome the presumption of jurisdiction, as far as the rights of the litigant who selected the court are concerned. While the defendant may very properly be estopped from denying the jurisdiction of the court which he has voluntarily selected, on account of technical grounds or irregularity or insufficiency of service, which has been practically cured by his appearance, the court is not estopped from inquiring into its jurisdiction based upon service, facts of parties, values, or any other matters which are material. There is an important distinction between mere irregularities and such defects as render a service a nullity. Although an irregularity may be waived, an illegality of service or an essential defect may be taken advantage of at any susequent stage of the action, whether the appearance has been special or general. "An appearance does not preclude a party from moving to dismiss for the want of jurisdiction or any other sufficient ground, except for want of notice in the record." *Carrol* v. *Dorsey*, 20 How. 204. In *Lamer* v. *Dana*, 10 Blatchf. 34, it was held that the removal places the case in the same position here as if so originally brought; and I think, it may well be added, aknowledges notice of the pendency of the suit; but all other defenses, except insufficiency of notice through service, may be made, whether the removal is considered to be a general appearance or made under a special one. In *Sayles* v. *Insurance Co.*, 2 Curt. 212, Mr. Justice Curtis said that the defendant who had removed a case from the state court to the circuit court by his petition for removal, in which proceeding he was actor, voluntarily treated the suit as properly commenced and pending in the state court, and he cannot, after it has been entered here, treat it otherwise; and that, after removal upon his petition, he cannot be permitted to say, in effect, that there was no suit before the state court. In *Bushnell* v. *Kennedy*, 9 Wall. 387, the language of Chief Justice Chase is to the same effect. It is true that the decision of this question was not necessary to the determination of either of the cases under consideration, and was therefore, to a certain extent *obiter;* but the expression of the views of such eminent jurists, stated in such unequivocal language, cannot be passed lightly by.

Let us examine the principles involved in the cases cited by the defendant in which there appear to be conclusions conflicting with these views. In *Parrott* v. *Insurance Co.*, 5 Fed. Rep. 391, it does not appear that it was an action *in rem*, but was a suit seeking a judgment *in personam* against a nonresident corporation. There appears nothing to give the court jurisdiction outside of the alleged service, which was made beyond the jurisdiction of the state, and which was declared bad, and the case dismissed. This decision appears to have been based upon *Pennoyer* v. *Neff*, 95 U. S. 715, which admitted, however, that service by publication might be sufficient in all actions which were substantially proceedings *in rem*. In this case no publication was made or attempted. In *Atchison* v. *Morris*, 11 Fed. Rep. 582, which was also an action *in personam*, with nothing except the personal service to give jurisdiction, and this made while defendant, who was a nonresident, was attending a trial in the circuit court as a witness under a subpœna, the court held that service made under such circumstances was void, the party being privileged, and that the court had no jurisdiction. In this case no special appearance had been entered, but Judge DRUMMOND held that the court had a right to go back of the petition, and determine its jurisdiction, through the nature of the service. In *Small* v. *Montgomery*, 17 Fed. Rep. 865, the same principle was laid down. This was strictly a personal action, with nothing to support the jurisdiction of the court except the service, which the court held illegal, because made when the party was within the state to answer to a criminal charge. In *Miner* v. *Markham*, 28 Fed. Rep. 387, the principle is precisely the same. The personal service was the only foundation for jurisdiction, and this was made upon a member of congress while on his way to the seat of government, and plainly illegal. In *Reifsnider* v. *Publishing Co.*, 45 Fed. Rep. 433, the service was made upon the president of a foreign corporation, incidentally within the state on private business. The corporation was never within the state, nor was there anything to give jurisdiction but this illegal summons, and so it was held. The same question arose in *Clews* v. *Iron Co.*, 44 Fed. Rep. 31. The defendant corporation was not engaged in business within the state, nor found there, nor were there any other grounds of jurisdiction except the incidental presence of the president. In *Perkins* v. *Hendryx*, 40 Fed. Rep. 657, there was no personal service, nor does it appear that there was any notice by publication,—only attachment, without personal notice; and this was held insufficient to give the court jurisdiction. In *Hendrickson* v. *Railroad Co.*, 22 Fed. Rep. 569, the action was for personal damages against the corporation, which had no place of business nor transacted any business in the state in which the suit was brought. There was nothing in the character of the case that claimed to give jurisdiction, except an attempted attachment of a debt due and a service made by publication. In *Kauffman* v. *Kennedy*, 25 Fed. Rep. 785, service was had upon defendant while a witness temporarily within the state in attendance upon court, under subpœna. This alone was claimed to give jurisdiction, but the court held that he was protected under such circumstances, and that such service was illegal and void. In

*Harkness* v. *Hyde*, 98 U. S. 476, the only decision of the supreme court which has been cited in support of the position of the defendant, there was no question of removal, and the only question was of the legality or the illegality of the service made by the sheriff of the territory of Idaho upon defendant at his residence within an Indian reservation, which was held to be illegal and void. In none of these cases was there anything aside from the service calculated to give jurisdiction, and when that was declared to be void the jurisdiction failed. In *Dormitzer* v. *Bridge Co.*, 6 Fed. Rep. 217, Judge LOWELL speaks of a lien or title existing prior to the suit, and not caused by the institution of it, and notes it as a point of distinction in cases in which the United States may obtain jurisdiction without personal service. In this distinction I consider may be found the solution of the question whether a removal from the state to the federal court waives all irregularities or insufficiencies of service. If there was no lien or title upon which the jurisdiction could be based, aside from the service of process, then the illegality of such a service dismisses the suit, and no consent of parties, even, or waiver by appearance, either special or general, can support the jurisdiction. Looking back of the shadowy distinction between a special and a general appearance, as embodied in a petition for removal, I consider the substance upon which jurisdiction is based may be in any case inquired into, and such inquiry does not necessarily depend upon a special or general appearance, but upon the facts of service in each case.

It is claimed by the defendant herein that a suit to remove cloud from title to real estate is an action *in personam*; and *Hart* v. *Sansom*, 110 U. S. 151, 3 Sup. Ct. Rep. 586, is cited and relied upon; but in the light of *Arndt* v. *Griggs*, 134 U. S. 316, 10 Sup. Ct. Rep. 557, such view cannot be accepted. The opinion in this case plainly contradicts any such conclusion, and declares that "the various decisions of this court establish that in its judgment a state has power by statute to provide for the adjudication of titles to real estate within its limits, as against nonresidents who are brought into court only by publication."

The general principle of equity gives to the courts of this state powers to investigate questions of cloud of title, with power to quiet the title to lands involved, and to remove therefrom alleged liens, and no special statute was required for that purpose. *Holland* v. *Challen*, 110 U. S. 15, 3 Sup. Ct. Rep. 495. The state has by statute authorized and provided for publication and service to carry into effect the rights before existing in a court of chancery.

The legislation of congress has recognized the principle of local jurisdiction in questions touching title to real estate and the right of service by publication. Section 738, Rev. St.; section 8, Act March 3, 1875, (volume 18, p. 472.) This is plainly one of the cases where the jurisdiction of the court did not depend solely upon the service or the institution of the suit, and in such case I think the court might well consider that the petition for removal could be considered a waiver of any insufficiency of notice which would not render it illegal or void.

But let us examine what was the character of the service which is

complained of, and determine whether or not it is sufficient to support jurisdiction, for the court is never estopped, by consent of parties even, from examining every question of the case upon which it is claimed jurisdiction rests. It is urged by defendant that the act under which the publication in this case was made, that of 1885, is unconstitutional, inasmuch as it does not grant immunities and privileges to citizens of states other than Florida equal to those of citizens of Florida, as it requires but four weeks' publication to nonresidents, when the act of 1828 required two months' notice to residents of Florida not residing within the circuit in which the suit was brought. The first act of the legislature of the state of Florida touching service by publication was that of 1828. It provided that, where it should be made to appear to the judge by affidavit that any defendant resided out of the circuit of the state in which the bill was filed, an order requiring such defendant to appear and answer should be published in some newspaper printed in the circuit, for the time therein specified,—if the defendant resided within the state, but not the circuit, two months; if in any other part of the United States, four months, etc. This provided for service by publication on all not residing in the circuit, residents or nonresidents of the state, and they were required to answer, not plead or demur. This was the law until the act of Febuary 16, 1881, in which it was provided that if any of the defendants resided within the state of Florida, in any county other than that in which suit was brought, subpœna might be served by the sheriff of the county in which the defendant resided or might be found. This left the service by publication against all others as it stood by the act of 1828, and it is considered repealed by implication that act as far as it related to those resident within the state, but not within the county, where the suit was brought.

It has been argued that this is not the necessary construction, and that the act of 1828 is still in force as to the residents of the state, but not of the circuit; but I do not consider that, where the legislature has provided a manner of personal service within its jurisdiction upon its own citizens, any court would be justified in accepting or ordering service by publication. Service upon nonresidents had not then been provided for otherwise than by the act of 1828. The act of 1885 provided for service upon all those who could not be reached under the act of 1881, viz., nonresidents, those whose residence was unknown, or those who had been absent from the state, or who concealed themselves so that service could not be had upon them. This includes, I consider, all classes not reached by the act of 1881, and repeals by implication the act of 1828 as to all such. The manner of the service is declared to be in two ways,—all, that being within the state, can be reached by personal service, must be so served; all others—nonresidents, those whose residence is unknown, and those who conceal themselves—can be served by publication. It is beyond the power of a state to grant the same privileges and immunities in the matter of service of process to those outside of its jurisdiction as it can to those within its limits; its powers

are limited by its boundaries. All residents, or those found within its limits, are to be served personally. All others who cannot be so reached must necessarily be served by publication, both methods being regardless of their citizenship.

I cannot consider that the other point insisted upon, that the defendant is not permitted to *appear* by the law of 1885, would be of any effect in declaring its unconstitutionality, or that such provision would be binding upon the court after process served, any more than was the fact that under the act of 1828 he was only allowed to appear and answer. This act only contemplated the service of process, and not the establishment of new rules of practice, and no court would be bound to so consider it. The same is considered to be a correct view in regard to the time of entering a decree *pro confesso.* It will necessarily follow that the demurrer be overruled, and the defendant be held to answer.