JAMES H. RICE CO. v. LIBBEY et al.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1901.)

No. 542.

1. APPEAL—PARTIES—ALLOWANCE IN OPEN COURT.

An appeal allowed in open court at the term when the decree was rendered, and duly perfected, brings into the appellate court, without citation, all the parties whose presence is necessary to a determination of the rights of the appellant.

2. CORPORATIONS—SUIT AGAINST OFFICERS—PARTIES.

A suit in a federal court by a creditor of a corporation, in behalf of himself and all other creditors, against officers of the corporation, to charge them with liability under the Illinois statute (Rev. St. c. 32, § 16), which makes all directors and officers of a corporation personally liable for its indebtedness in excess of the amount of the capital stock, created with their assent, is one to which neither the corporation nor its assignee in insolvency is an indispensable party, and their joinder will not be required where it would defeat the jurisdiction of the court.

Appeal from the Circuit Court of the United States for the Eastern District of Wisconsin.

The bill was filed by the appellant, a citizen of Illinois, and judgment creditor of the Farson & Libbey Company, and in behalf of all other creditors of that company who might join in the suit against the appellees, citizens of Wisconsin. The object of the bill was to hold appellees responsible to the appellant and the creditors joining him for the debts of the Farson & Libbey Company assented to by the appellees in excess of its capital stock. The statute of Illinois upon which the claim of liability is based is as follows: "If the indebtedness of any stock corporation shall exceed the amount of its capital stock, the directors and officers of such corporation assenting thereto shall be personally and individually liable for such excess to the creditors of

such corporation." Section 16, Rev. St. Ill. The further facts necessary to the determination of the questions involved are as follows: In 1883 there was organized under the general incorporation laws of the state of Illinois the Hintz & Baker Company, with a capital stock of $50,000, divided into shares of $100 each. Its business was the buying and selling of sash, doors, blinds, and like commodities. In 1893 its name was changed to the Farson & Libbey Company, and it continued doing business in the city of Chicago under that name until the 30th of December, 1895. ·Prior to his death, in January, 1895, Daniel L. Libbey was the owner of 240 shares of the capital stock of such corporation, and was the president and a director of the company. December 15, 1894, Frank H. Libbey, his son, became a director of the company, and in January, 1895, succeeded his father as president. Previous to his father's death, he had 10 shares of the stock. December 30, 1895, the Farson & Libbey Company made a voluntary assignment, under the assignment laws of the state of Illinois, for the benefit of its creditors, to Charles E. Pain, a citizen of the state of Illinois, who, being duly qualified as such assignee, entered upon the performance of his duties. At the time of the filing of the bill below he was still such assignee. The administration of the estate under the Illinois insolvent laws had proceeded so far in the county court of Cook county when the bill was filed that the time had elapsed for all creditors to file their claims; that the total liabilities were found to be about $200,000; and that a dividend of 10 per centum to the creditors had been paid. July 23, 1896, the appellant recovered in the circuit court of Cook county a judgment against the Farson & Libbey Company for the sum of $7,513.82, upon which execution had been returned unsatisfied, no part of such judgment having ever been paid except the 10 per centum dividend paid by the assignee. The original bill was filed in the court below July 29, 1896. April 2, 1897, the American Glue Works and 27 other creditors, none of whom had obtained judgment, intervened, accepting the terms and conditions of the original bill, and adopting it as their own. April 5, 1897, the Prairie State National Bank intervened upon like terms. Answers were filed by the appellees in the court below to the original bill, and also to the intervening petitions, in effect denying that they, or either of them, had assented to any indebtedness in excess of the capital stock of the Farson & Libbey Company; and much evidence upon the issue thus raised is embodied in the record. Upon the view taken, however, by the court, this evidence need not be set out at large. The evidence introduced without contradiction showed that from January, 1889, to the assignment the indebtedness exceeded the capital stock by more than $100,000, rising in 1895 to more than $200,000. There was evidence tending to show that Daniel L. Libbey had assented to the creation of from thirty-five to fifty-five thousand dollars of this indebtedness, and that there was some indebtedness, the creation of which' was assented to by Frank H. Libbey. February 21, 1898, the court below dismissed the bill for want of equity, based, as shown in the opinion, upon the conclusion that a bill would not lie against the appellees in the absence of the corporation and the assignee as parties to the suit. 85 Fed. 82. March 5, 1898 (and during the same term of the court that the decree, was entered), an appeal to the circuit court of appeals was allowed upon the motion of the appellant. This appeal was at the same term perfected by the filing of the required bond and an assignment of errors.

Clarendon B. Eyer, for appellant.

Fred Belinger and Charles Barber, for appellees.

Before WOODS, JENKINS, and GROSSCUP, Circuit Judges.

PER CURIAM. Within the authority of McNulta v. Commissioners (recently decided in this court) 40 C. C. A. 155, 99 Fed. 900, and Kidder v. Safe-Deposit Co. (this day decided) 105 Fed. 821, the motion to dismiss the appeal for the reason that it was not joined in by the intervening creditors must be overruled.

The principal inquiry. on this appeal is, did the circuit court for·

the Eastern district of Wisconsin err in refusing to entertain jurisdiction of the cause without the presence of the Farson & Libbey Company or its assignee as parties thereto? Parties to a bill in equity have been divided by the supreme court in several decisions, and by this court in Ziegler v. Railroad Co., 39 C. C. A. 431, 99 Fed. 114, into the following classes: (1) Formal parties. (2) Persons having an interest in the controversy, and who ought to be made parties in order that the court may act according to the rule which requires it to decide on and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. These persons are commonly termed "necessary parties"; but, if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties. (3) Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience. The statute on which this case is predicated has been construed by the supreme court of Illinois in Low v. Buchanan, 94 Ill. 76, and Woolverton v. Taylor, 132 Ill. 197, 33 N. E. 1007. In the latter case it is said:

"The statute certainly does not mean that the officers shall only become liable for one act of assenting to excessive indebtedness during the life of the corporation. The amount in excess may continue to be increased from time to time by different officers, running over a period of years. By a single bill for the benefit of all the creditors against all these officers that excess may be recovered, and made a fund for the payment of all the debts. * * * The officers, if liable at all, are liable to all the creditors of the corporation,—those existing prior to the contract creating the excessive indebtedness, those whose debts are created thereby, and also those who may afterwards become its creditors. As to the subsequent creditors, could it be said the cause of action accrued before they became creditors? The action must be for their benefit as well as that of all others, and yet they may not have become creditors of the corporation until more than five years after the first assenting to the excessive indebtedness."

We are bound by the construction put upon the statute by the supreme court of Illinois. It is our opinion, in the light of this decision, that the case under consideration is an equitable suit for the benefit of all the creditors, and that the fund recovered would be distributed ratably among all the creditors. To such a suit the corporation or its assignee is not an indispensable party. Without their presence, complete justice can be done as between the creditors and those charged with statutory liability. It might be convenient that they should be made parties in order to ascertain more readily the indebtedness of the corporation. But that can be done without their presence. So, also, it might be convenient to have them before the court in the ascertainment of the facts if indebtedness in excess of capital stock was created, and when; but the court can ascertain those facts without their presence. No right of the corporation or its assignee is to be determined or affected, and, while they may come within the class designated as necessary parties, they need never be summoned as parties, if by so doing the jurisdiction of the

federal court would be ousted. Ziegler v. Railroad Co., supra. The liability here, if any, is not to the corporation or to its assignee, and its enforcement neither increases nor discharges any liability of the corporation. If the directors have incurred the liability of the statute, and should discharge that liability, they might possibly be subrogated to the right of the creditors to assets of the corporation after the creditors' debts are paid. * But the corporation and its assignee have no interest in the enforcement of this statutory liability. This results in a reversal of this case upon the only question upon which the judgment of the court below was given.

The court below made no inquiry upon the merits of the case. A right decision involves a close examination of the evidence relating to each indebtedness of which it is averred that the appellees assented to its creation. We think that the case ought to go back to the court below for this inquiry and judgment. The decree will be reversed.