## LOVELESS v. RANSOM et al.

### (Circuit Court of Appeals, Seventh Circuit. June 25, 1901.)

#### No. 639.

**1. WRITS OF ERROR—APPEAL.**

A writ of error is applicable alone to suits at law, and an appeal to decrees in equity or admiralty, and the one may not be substituted for the other.

**2. SAME—APPROVAL OF BOND.**

The fact that the judge of the trial court approved the bond on a writ of error does not operate as a writ of error, since neither the judge nor the court below could issue such writ.

Petition for Rehearing. Overruled.

Before WOODS and JENKINS, Circuit Judges, and BUNN, District Judge.

JENKINS, Circuit Judge. The statement of the facts embodied in the opinion (Loveless v. Ransom [C. C. A.] 107 Fed. 626) declares that the record does not show the bond filed March 16, 1899, to have been approved by the court, except by the order of September 2, 1899, allowing the writ of error, which was at a subsequent term. This statement of fact is challenged by the petition for rehearing. The statement of fact was correct, as disclosed by the printed record. It now appears by concession of counsel that there was attached to and filed with the bond an affidavit of jurisdiction by one of the sureties, and this affidavit was indorsed as approved by the trial judge. Without question the indorsement was intended as an approval of the bond, and should be so regarded. Does this fact avail to deny the motion to dismiss this writ of error? We think not. Cases of equity and admiralty jurisdiction are transferred to the appellate court by the order of the trial court allowing an appeal. This is the only method by which a review can be had. If the prayer for an appeal be denied, the party aggrieved must resort to his remedy through a writ of mandamus to compel the allowance of the appeal by the trial court; for it is the order of that court, and that alone, which sends the cause to the appellate tribunal. Undoubtedly the appellate courts have gone a long way in overlooking informalities in the taking of an appeal, and in construing acts of the trial court to work a summons and severance with regard to joint defendants in a decree, where one alone seeks an appeal. Thus, a prayer for an appeal and the order allowing it constitute a valid appeal without the filing of a bond, which can be provided for in the appellate court. Edmonson v. Bloomshire, 7 Wall. 306, 311, 19 L. Ed. 91. So, also, it has been held that the allowance of an appeal need not be by a formal order, but may be shown by the approval of the appeal bond. Sage v. Railroad Co., 96 U. S. 712, 24 L. Ed. 641; Draper v. Davis, 102 U. S. 370, 26 L. Ed. 121; Brandies v Cochrane, 105 U. S. 262, 26 L. Ed. 989; Trust Co. v. Stockton, 18 C. C. A. 408, 72 Fed. 1; In re Fiechtl (C. C. A.) 107 Fed. 618. So, in the case of an appeal allowed at the term, no citation is necessary, but aliter after the term. It has also been held that during the term at which a decree was rendered the

parties were constructively in court, and are charged with notice of what is done in the case affecting their interest, and the allowance of an appeal by the court during the term worked a severance. McNulta v. Commissioners, 39 C. C. A. 545, 99 Fed. 328; Kidder v. Deposit Co., 105 Fed. 821, 44 C. C. A. 593; James H. Rice Co. v. Libbey, 45 C. C. A. 78, 105 Fed. 825.

It may be objected that such rulings work looseness in practice; but the rule is equitable, saving an appeal where it is manifest that the action of the trial court would not have been taken except in aid of an appeal, and its allowance is implied.

With respect to writs of error, the matter stands upon different footing. A writ of error and an appeal are dissimilar. The one is applicable alone to suits at law; the other to decrees in equity or admiralty. The one may not be substituted for the other. A suit at law cannot be taken to an appellate tribunal by an appeal (Stevens v. Clark, 18 U. S. App. 584, 10 C. C. A. 379, 62 Fed. 321), and a decree in equity cannot be so removed by writ of error (Nelson v. Lowndes County, 35 C. C. A. 419, 93 Fed. 538). The writ of error is a writ of right issuing from the appellate court, not from the trial court. It is directed to the trial court, commanding a return of the proceedings, that they may be reviewed. It is not essential that it should be allowed by any court or judge. Davidson v. Lanier, 4 Wall. 447, 18 L. Ed. 377; Ex parte Virginia Com'rs, 112 U. S. 177, 5 Sup. Ct. 421, 28 L. Ed. 691. The writ is of no efficiency until it is issued and served on the clerk of the court whose judgment is sought to be reviewed. Carroll v. Dorsey, 20 How. 204, 15 L. Ed. 803; Hodge v. Williams, 22 How. 87, 16 L. Ed. 237; Washington Co. v. Durant, 7 Wall. 694, 19 L. Ed. 164; Bondurant v. Watson, 103 U. S. 278, 26 L. Ed. 447. And it may be that a citation is always required in the case of a writ of error, in which respect lies a distinction between the two modes of review. Hewitt v. Filbert, 116 U. S. 142, 6 Sup. Ct. 319, 29 L. Ed. 581; U. S. v. Phillips, 121 U. S. 254, 7 Sup. Ct. 874, 30 L. Ed. 914.

In the case before us the judge of the trial court at the term at which the judgment was rendered approved the bond on the writ of error. That was the only judicial act had at the term with respect to a review. That act cannot be held to operate as a writ of error, since neither the judge nor the court below could issue the writ, which could only have gone from this court. As we have pointed out in the original opinion, the plaintiff in error by his bill of exceptions "prayed an appeal." That was not only not allowed by the court, but would have been inefficacious if allowed. The bond filed at that term and approved by the judge recited that the obligor was "about to obtain a writ of error." But no writ of error was issued or filed until a subsequent term. There was therefore no proceeding in the trial court at the term at which judgment was rendered, when all parties were constructively in court, which can be construed to have actually or impliedly worked a severance of the joint defendants to the judgment; and, as the writ of error was sued out by one alone, we are without jurisdiction to consider the cause. The petition for rehearing is overruled.