GREEVY v. JACOB TOME INSTITUTE.

(Circuit Court, W. D. Pennsylvania. July 6, 1904.)

1. REMOVAL OF CAUSES—JURISDICTION—FOREIGN ATTACHMENT.

Where a Pennsylvania court has acquired jurisdiction of a suit by attachment against a foreign corporation under the state statute, a federal court has jurisdiction on removal of the cause by either the defendant or a garnishee.

2. GARNISHMENT UNDER FOREIGN ATTACHMENT—DEFENSE BY GARNISHEE.

Where, in an action by foreign attachment under the Pennsylvania statute, the writ is served by garnishment and the defendant makes default, the garnishee is not entitled to be heard on a defense going to his own liability until judgment has been entered and a writ of scire facias issued against him.

On Plea to Jurisdiction.

Thos. H. Greevy and F. G. Patterson, for plaintiff.

F. H. Guffy, W. H. Dawson, and J. M. Stoner, for defendant.

BUFFINGTON, District Judge. In this case the plaintiff, Thomas H. Greevy, brought a suit in foreign attachment in the common pleas of Blair county against the Jacob Tome Institute to recover for alleged services as counsel. The sheriff returned that he had attached a certain satchel and its contents, which were represented to be coupon bonds of the city of Altoona, "said satchel at the time of said levy being in the possession of the Third National Bank of Baltimore, by A. B. Crouch, its assistant cashier," in the county of Blair; that "I summoned the said A. B. Crouch, assistant cashier, as garnishee, in the presence of Joseph F. Hammers and N. B. Boncroft, two credible witnesses of the neighborhood, and announced to him that I attached the said satchel and contents; and I delivered to said garnishee a true and attested copy of said foreign attachment." Subsequently the bonds were returned to the bank upon the giving of security, and thereafter it presented a petition alleging that it and the defendant, the Tome Institute, were citizens of Maryland, tendered a bond, and the cause was removed to this court. A subsequent motion of the plaintiff to remand was denied.

The Tome Institute has entered no appearance in the cause. The plaintiff having issued a rule to plead and served the same on coun-

sel for the removing garnishee, such counsel appeared specially and filed a plea denying the jurisdiction of the court. On the argument of that rule they contend, first, that a foreign attachment will not lie against the Jacob Tome Institute, a foreign corporation; second, that the Third National Bank of Baltimore, being a foreign corporation, cannot be made a garnishee in foreign attachment; and, third, that Rev. St. § 5242 [U. S. Comp. St. 1901, p. 3517], exempts it from suit in this case. On the other hand, the plaintiff avers that the garnishee cannot be heard at this state of the proceedings; that its rights will be determined when a judgment is obtained against the defendant and a scire facias is issued against the garnishee.

The first inquiry is as to the jurisdiction of the state court from whence this case was removed. A writ of attachment against a foreign corporation is authorized in Pennsylvania under section 76, Act June 13, 1836 (P. L. 571; Purd. Dig. p. 930). This proceeding is one in rem, and is intended to compel appearance by a nonresident by attaching its property found within the court's jurisdiction. If the defendant appears, the case proceeds as in a personal action. If it does not appear, the judgment is restricted to such property of the defendant as was attached. It therefore appears that, if this cause had remained in the common pleas of Blair county, that court would have had jurisdiction over the defendant if it appeared, or over its attached property if it failed to appear. It will further appear by the federal authorities (Bushnell v. Kennedy, 9 Wall. 387, 19 L. Ed. 736; Sayles v. Northwestern Insurance Company, 2 Curt. 212, Fed. Cas. No. 12,421) that if the defendant had removed the cause to the federal court, although such court could not have acquired jurisdiction over the defendant in an original case, the jurisdiction rightfully acquired by the state court was not ousted by removal. Now, if the defendant by removal could not oust acquired jurisdiction, it follows that no such result ensues because the garnishee removes the cause and raises the question. We are therefore of opinion that the first contention of the garnishee must be decided adversely.

As to the other two questions, which are personal to the garnishee, we do not see why they could not be raised hereafter when a scire facias issues against the garnishee. The defendant has entered no appearance in the cause, and more than three terms have elapsed. Under the Pennsylvania statute (section 1, Act May 10, 1889; P. L. 183; Purd. Dig. p. 933) the plaintiff is entitled to move for judgment, which under the Pennsylvania practice (1 Brewst. Prac. p. 83) is a judgment in default of an appearance, with direction to the prothonotary to assess the plaintiff's damages. Such judgment, when entered, will not be a general judgment against the defendant, but will be limited to such of its property attached as shall hereafter be found to have been in the hands of the garnishee. Upon the entry of such judgment the plaintiff may have a writ of scire facias against the garnishee, as provided in section 54, Act June 13, 1836 (P. L. 570; Purd. Dig. p. 933), and thereupon the garnishee may raise, inter alia, such questions and defenses as it has sought to raise, we think, prematurely, by the plea.

It is therefore now decided that in this removed action of foreign attachment this court acquired jurisdiction over the defendant foreign corporation in rem, that the defendant has failed to appear for more than three terms, and the plaintiff is entitled to move for a judgment, limited to the property of the defendant attached. Such orders are entered without prejudice to the right of the garnishee to any and all defenses it may have, and especially to a traverse of the allegation that the bonds attached were the property of the Tome Institute.