## EX PARTE VIRGINIA COMMISSIONERS.

### ORIGINAL.

Submitted October 27, 1884.—Decided November 10, 1884.

A writ of mandamus is not ordinarily granted when the party alleging the grievance has another adequate remedy, and that remedy has not been exhausted.

This was a motion for a rule to show cause why a writ of mandamus should not issue. The motion showed that the petitioners in their public official capacities constituted the Commissioners of the Sinking Fund of the State of Virginia; that in a cause pending before the Circuit Court of the United States for the Eastern District of Virginia, a peremptory mandamus had been ordered, requiring them to give to the plaintiff in that cause or his attorney of record "in exchange therefor dollar for dollar coupon bonds under the act of the General Assembly of the State of Virginia, approved February 14, 1882, commonly known as the Riddleberger Debt Law;" that the court below certified that "it was shown by the evidence that the matter in dispute in this cause exceeds, exclusive of costs, the value of $500, and is less than the value of $5,000;" that the amount of the coupons so directed to be exchanged was in fact $22,716; that the said certificate was inconsistent with the judgment and must be regarded as surplusage; that the judges of the court below by an order entered of record, refused to allow the petitioners a writ of error to said judgment; and that

the petitioners had a clear right to such a writ : wherefore the petitioners prayed for a rule to the judges of the court below to show cause why mandamus should not issue commanding them to allow a writ of error to said judgment, and to fix the penalty of the bond in error, and to sign a citation on said writ of error.

*Mr. F. S. Blair*, Attorney-General of Virginia, for petitioners.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

A writ of mandamus is not ordinarily granted when the party aggrieved has another adequate remedy. No formal allowance by the Circuit Court of a writ of error from this court to review a judgment of that court is required. *Davidson* v. *Lanier*, 4 Wall. 453. The writ issues in a proper case as a matter of right, but, when sued out, security must be given, and a citation to the adverse party signed. This security may be taken and the citation signed by a judge of the Circuit Court, or any justice of this court. No action of the Circuit Court as a court is required. It does not appear from the petition that any application has been made to either of the judges of the Circuit Court to approve security or to sign a citation. If they should refuse on application hereafter, resort may be had to either of the justices of this court. It will be time enough to apply for a mandamus when all these remedies have failed.

*Motion denied.*