Judicial Court of Massachusetts, which we have just reversed. It is apparent from an inspection of the record that the whole foundation of that part of the judgment which is in favor of the defendant is, to our judicial knowledge, without any validity, force or effect, and ought never to have existed. Why, then, should not we reverse the judgment which we know of record has become erroneous, and save the parties the delay and expense of taking ulterior proceedings in the court below to effect the same object?

Upon full consideration of the matter we have come to the conclusion that we may dispose of the case here.

*We, therefore, reverse the judgment of the Circuit Court, and order that the cause be remanded with directions to enter judgment for the plaintiff in error against the defendant in error for the whole amount sued for in the action, namely, eight thousand dollars, with interest and costs, and take such further proceedings as may be proper in conformity with this opinion.*

---

## TUSKALOOSA NORTHERN RAILWAY COMPANY *v.* GUDE.

FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DIVISION OF THE NORTHERN DISTRICT OF ALABAMA.

No. 1606. Submitted January 15, 1891. — Decided February 2, 1891.

In an action at law in a Circuit Court, judgment being rendered for the plaintiff, there was no bill of exception, no writ of error nor an allowance of appeal, but the defendant filed a supersedeas bond in which it was alleged that the defendant had "prosecuted an appeal or writ of error to the Supreme Court of the United States to reverse the judgment." The plaintiff moved for the revocation of the supersedeas created by the bond, which motion was denied. The motion in this court for leave to docket and dismiss the case was granted.

THIS was a motion for leave to docket and dismiss a cause. The motion was as follows:

"Motion is made in this cause, upon the record of the proceedings of the Circuit Court of the United States for the Southern Division of the Northern District of Alabama, a duly certified transcript whereof is now submitted to this Honorable Court, on the following prayers for relief in behalf of the plaintiff in said cause.

"*First.* That the plaintiff in said cause, as the defendant in error in this court, have leave to docket said cause and dismiss the same, under section 1 of Rule 9, of the Rules of practice in the Supreme Court, or:

"*Second.* That the plaintiff in said cause have leave to docket the same and file a copy of the record in said case with the Clerk of the Supreme Court and that his counsel have leave to enter his appearance therein, and that the cause shall stand for argument at the present term of the court, under sections 2 and 3 of said Rules of practice: or for motion to dismiss the same under Rule 6: and

"*Third.* That the court will, if said cause is dismissed under Rule 9, or under any other Rule, adjudge damages to the said Albert V. Gude the plaintiff in said judgment, for delay under section 2 of Rule 23, and also a mandate, or other process in the nature of a *procedendo*, to the court below, under Rule 24.

"*Fourth.* That the court will grant to the plaintiff in said judgment any other relief in the premises to secure justice to him, that may be consistent with the law and the practice in the Honorable Court.

"JOHN T. MORGAN,
"*Attorney for Albert V. Gude.*

"STATEMENT OF FACTS SHOWN BY THE DULY CERTIFIED RECORD HEREWITH SUBMITTED.

"On the 24th March, 1890, judgment was rendered on the verdict of a jury, in the said Circuit Court of the United States, in favor of Albert V. Gude, against the Tuskaloosa Northern Railway Company, for the sum of ten thousand dollars and costs, for which execution was ordered to issue.

"On the 25th March, 1890, the attorneys of the parties

entered into the following stipulation: ' In the above cause it is hereby agreed that the time for signing the bill of exceptions in this cause and taking appeal or prosecuting writ of error therein be and the same is hereby extended until the 1st day of June, 1890, and that the said bill of exceptions shall be considered as if filed on the last day of the term of said court now pending.'

" On the filing of this agreement the court ordered ' that no execution issue in this cause until said 1st day of June, 1890, and then that the same should not issue if the defendants have taken said appeal, or prosecuted their writ of error, upon supersedeas bond; and that the said bill of exceptions be, when signed, considered as if filed on the last day of the present term of the court.'

" The certificate of the Clerk of the court shows the transcript now submitted to the court ' to be a true, perfect and complete transcript and copy of the record and proceedings heretofore had and entered of record' in said cause. No bill of exceptions is in the record and none has been signed or filed.

" On the 31st of May, 1890, *a bond was filed in the clerk's office*, which had been *' taken and approved this 24th day of May*, 1890,' by ' John Bruce, Judge of the U. S. Court, Southern Division Northern District of Alabama.' "

The following is a copy of that bond, as the same is set out and certified in the transcript of the record now, here, submitted to the court.

" The Tuskaloosa Northern Railway Company, a body Corporate under the laws of Alabama.

*Appellant.*

*v.*

J. C. Reiley and A. V. Gude, constituting the firm of Reiley & Gude.

*Appellees.*"

Circuit Court of the United States of America. For the Southern Division of the Northern District of Alabama.

" Know all men by these presents that we The Tuskaloosa

Northern Railway Company, a body corporate under the laws of Alabama, The Tuskaloosa Coal Iron and Land Co., a body corporate under the laws of Alabama, and the Tuskaloosa Belt Railway Co., a body corporate under the laws of Alabama, all of the county of Tuskaloosa in the State of Alabama are held and firmly bound unto the above named Reiley & Gude in the sum of Fifteen Thousand (15,000) Dollars to be paid the said Reiley & Gude.

"For the faithful payment of which sum well and truly to be made we bind ourselves and each of us, our and each of our heirs, executors and administrators jointly and severally and firmly by these presents.

"Sealed with our seals and dated at Tuskaloosa, Alabama, the 23d day of May, A.D., 1890.

"Whereas the above bounden Tuskaloosa Northern Railway Co., has prosecuted an appeal or writ of error to the Supreme Court of the United States to reverse the judgment rendered in the above entitled cause at the spring term 1890, of the Circuit Court of the United States for the Southern Division of the Northern District of Alabama, holden at Birmingham, Alabama, by the Hon. John Bruce, judge of the Circuit Court of the United States for the Southern Division of the Northern District of Alabama. Now therefore, the condition of the above obligation is such, that if the above named Tuskaloosa Northern Railway Co. shall prosecute said appeal to effect and answer all damages and costs, if it fail to make said appeal good, then this obligation shall be void, otherwise the same shall be and remain in full force and virtue.

"Tuskaloosa Northern
Railway Company.
"By W. C. Jemison, [SEAL.]
"*Presd't.*

"Tuskaloosa Coal
Iron and Land Company.
"By W. C. Jemison, [SEAL.]
"*Presd't.*

"Tuskaloosa Belt
Railway Company.
"W. C. Jemison, [SEAL.]
"*Presd't.*

"Taken and approved this 24th day of May, 1890.
"JOHN BRUCE,
"Judge of the U. S. Court
Southern Division North-
ern District of Alabama.

"There is no other allowance of an appeal or writ of error in the cause of record, except that disclosed in the bond for supersedeas and the orders thereon, as above stated and no formal writ of error appears in the record.

"The plaintiff in said judgment, who is shown by the record to be the surviving partner of the firm of Reiley & Gude, on the 9th of July, 1890, presented his petition to Hon. John Bruce, who took and approved said supersedeas bond, praying that he would revoke the supersedeas created by said bond because it was not valid in law to prevent the issue of execution on the judgment which was not accurately described in the supersedeas bond.

"Judge Bruce denied the petition, and thus sustained the validity of the bond, and treated the case as if it had been removed into the Supreme Court of the United States.

"The petition and the papers relating thereto were filed in said Circuit Court and a certified transcript of the same is submitted with this motion to this Honorable Court.

"These papers, thus certified, are *dehors* the record in the case adjudged by the court, but they are here presented to show that the plaintiff, Gude, is without remedy as to execution on his judgment until the Supreme Court has exercised jurisdiction in the main cause, or has declared that it has no jurisdiction."

*Mr. John T. Morgan* for the motion.

No one opposing.

The court ordered the case to be docketed and dismissed.