141 U.S. 244
 11 S.Ct. 1004
 35 L.Ed. 742
 TUSKALOOSA N. RY. CO.
v.
GUDE.
 February 2, 1891.
 
 Action by Albert V. Gude and another under the firm name of Reiley & Gude against the Tuskaloosa Northern Railway Company. Judgment was rendered on a verdict for plaintiffs for $10,000, and execution was ordered to issue. By stipulation of the parties the time for filing a bill of exceptions was extended, but no bill of exceptions was ever filed. On the last day on which the bill of exceptions might have been filed, defendant filed in the clerk's office a bond which, after reciting the title of the cause, read as follows:
 'Know all men by these presents that we, the Tuskaloosa Northern Railway Company, a body corporate under the laws of Alabama, the Tuskaloosa Coal, Iron, and Land Co., a body corporate under the laws of Alabama, and the Tuskaloosa Belt Railway Co., a body corporate under the laws of Alabama, all of the county of Tuskaloosa, in the state of Alabama, are held and firmly bound unto the above-named Reiley & Gude in the sum of fifteen thousand (15,000) dollars, to be paid the said Reiley & Gude, for the faithful payment of which sum, well and truly to be made, we bind ourselves and each of us, our and each of our heirs, executors, and administrators, jointly and severally and firmly by these presents. Sealed with our seals, and dated at Tuskaloosa, Alabama, the 23d day of May, A. D., 1890.
 'Whereas the above-bounden Tuskaloosa Northern Railway Co. has prosecuted an appeal or writ of error to the supreme court of the United States to reverse the judgment rendered in the above-entitled cause at the spring term, 1890, of the circuit court of the United States for the southern division of the northern district of Alabama, holden at Birmingham, Alabama, by the Hon. JOHN BRUCE, Judge of the circuit court of the United States for the southern division of the northern district of Alabama: Now, therefore, the condition of the above obligation is such that, if the above-named Tuskaloosa Northern Railway Co. shall prosecure said appeal to effect, and answer all damages and costs if it fail to make said appeal good then this obligation shall be void, otherwise the same shall be and remain in full force and virtue.'
 The record contained no other showing of the allowance of a writ of error or an appeal than the recitals of the bond. Plaintiff Gude, as surviving partner of the arm of Reiley & Gude, applied to the court below for a revocation of the supersedeas created by the bond. The application was denied, and plaintiff moves that the cause be docketed in the supreme court and dismissed.
 [Statement of Case from pages 244-248 intentionally omitted]
 John T. Morgan, for the motion.
 PER CURIAM.
 
 
 1
 Ordered that the case be locketed and dismissed.