FITZPATRICK et al. v. GRAHAM.

(Circuit Court of Appeals, Second Circuit. December 15, 1902.)

No. 134.

1. WRIT OF ERROR—JOINDER OF ALL DEFEATED PARTIES.

To give the circuit court of appeals jurisdiction to review a joint judgment against all the defendants in ejectment, it is necessary that all the defendants join in the writ, or a severance of interest be effected and made to appear in the record.

2. SAME—WHAT CONSTITUTES JOINDER.

Two of the defendants against whom a joint judgment had been rendered failed to join in the petition for a writ of error, though the application for the writ was made by the attorney of record for all the defendants, who resisted unsuccessfully an order of the trial court striking from the writ the names of the defendants in question. *Held*, that as it was unnecessary that all the defendants join in the petition for the writ, but the joinder in the writ was sufficient to make them parties thereto, and as the trial court was without jurisdiction to amend the writ, they became and remained parties, so as to confer jurisdiction on the circuit court of appeals.

In Error to the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 116 Fed. 1021.

Bayard L. Peck, for plaintiffs in error.

Sackett & McQuaid, for defendant in error.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

WALLACE, Circuit Judge. The motion of the defendant in error to dismiss the writ of error proceeds upon the theory that two of the defendants in the court below are not joined as plaintiffs in error in the writ. As the action was ejectment, and the judgment sought to be reviewed by the plaintiffs in error was a joint judgment against all the defendants for a recovery of possession and of mesne profits and costs, it was necessary that all the defendants should join in the writ. This court does not obtain jurisdiction to review such a judgment unless all the defendants have joined in the writ of error, or unless a severance in interest has been effected and made to appear by the record. Masterson v. Herndon, 10 Wall. 416, 19 L. Ed. 953; Feibelman v. Packard, 108 U. S. 14, 1 Sup. Ct. 138, 27 L. Ed. 634; Ayres v. Polsdorfer, 45 C. C. A. 24, 105 Fed. 737. It appears, however, that all the defendants are named in the writ as plaintiffs in error, and the contention that two of them are not joined rests solely upon the ground that these two did not join in the petition presented when the writ was granted, and that the court below upon the motion of the plaintiff made an order striking from the writ the names of the two defendants who did not join in the petition. Although all the defendants did not join in the petition, the application for the writ was made by the attorney of record for all the defendants named' in the writ, and he did not consent to the order of the court below

¶ 1. See Appeal and Error, vol. 2, Cent. Dig. §§ 1802, 1806, 1811.

striking out the names of the two defendants who had not joined in the petition, but opposed the granting of the motion. It is not necessary that the application for a writ of error be founded upon petition, and the writ is valid notwithstanding any defect or insufficiency in the petition. The approval of a bond and the signing of a citation is a sufficient allowance of the writ. Scott's Adm'r v. Stockton, 41 U. S. App. 579, 18 C. C. A. 408, 72 Fed. 1; Davidson v. Lanier, 4 Wall. 447, 18 L. Ed. 377; Ex parte Virginia Com'rs, 112 U. S. 177, 5 Sup. Ct. 421, 28 L. Ed. 691. It follows that the fact that the names of two of the defendants who are joined in the writ of error do not appear in the petition is of no importance. Whether their omission to join in the petition was an oversight, or whether it was purposely made, are inquiries of no moment, inasmuch as their attorney concluded to join them in the writ with the other defendants. Having been joined in the writ, they remain joined notwithstanding the order of the court below striking out their names. A writ of error is a new suit in the appellate court, and the writ having been duly granted, and due service having been made, the order was a nullity because the court had no power to make any amendment of the writ. The power to amend a writ of error resides exclusively in the appellate court. Rev. St. U. S. § 1005 [U. S. Comp. St. 1901, p. 714]; Insurance Co. v. Pendleton, 115 U. S. 339, 6 Sup. Ct. 74, 29 L. Ed. 432; Butchers' Ass'n v. Slaughterhouse Co., 1 Woods, 50, Fed. Cas. No. 2,234; Pearson v. Yewdall, 95 U. S. 294, 24 L. Ed. 436; Draper v. Davis, 102 U. S. 370, 26 L. Ed. 121; Keyser v. Farr, 105 U. S. 265, 26 L. Ed. 1025.

The motion is denied.