McKAY et al. v. NEUSSLER.

(Circuit Court of Appeals, Ninth Circuit, June 20, 1906.)

No. 1,229.

1. MINES AND MINERALS—CLAIMS—ASSESSMENT WORK—INSTRUCTIONS.
   Where, in ejectment for an undivided fourth of a mining claim, defendant claimed a forfeiture because of plaintiff's failure to pay her share of certain assessment work done on the property, but the only evidence of such work was defendant's testimony that he went on the claim and did what he considered $100 worth of work, and that he worked 10 days, and estimated the value at $10 a day, it was not error for the court to refuse to charge that, in determining the amount of work done on the claim, the test was as to the reasonable value of the work, and not what was paid for it, or what the contract price was.

2. SAME—BONA FIDES—QUESTION FOR JURY.
   Where defendant claimed a forfeiture of plaintiff's interest in a mining claim because of plaintiff's failure to pay her proportion of certain assessment work alleged to have been performed by defendant, whether defendant made a bona fide attempt to comply with the law in order to obtain a forfeiture of plaintiff's interest was not proper for the consideration of the jury.

3. WRIT OF ERROR—ALLOWANCE OF WRIT—SUPERSEDEAS—EFFECT.
   By the allowance of a writ of error and the approval of a supersedeas, the trial court lost jurisdiction to correct an error in the judgment apparent on the face of the record.
   [Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 2803–2805; vol. 2, Cent. Dig. Appeal and Error, § 2201.]

In Error to the District Court of the United States for the Second Division of the District of Alaska.

A. J. Bruner, J. C. Campbell, W. H. Metson, F. C. Drew, and Ira D. Orton, for plaintiffs in error.

J. F. Sullivan, M. I. Sullivan, and Theo. J. Roche, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge. The defendant in error brought ejectment to recover possession of an undivided one-fourth interest in a placer mining claim known as "Bench Claim No. 6 on Anvil Creek" in Alaska. It was admitted that she had formerly owned such interest, but it was alleged in defense of the action that her co-owner, D. W. McKay had in the year 1901 performed upon the claim assessment work of the value of $100 and had served on her a demand for the payment of her proportionate share thereof and a notice of the forfeiture of her interest, and had thus acquired the same. The issues presented for trial were whether assessment work of that value had been done by said McKay in 1901 and whether the requisite notice of contribution had been served upon the defendant in error as required by the statute. Upon these issues the evidence was conflicting. The jury found for the defendant in error.

It is contended that the trial court erred in refusing to give the jury the following instruction, which was requested by the plaintiffs in error:

"With reference to the amount of labor required, you are instructed that the law requires $100 worth of work; and in determining the amount of work done upon a claim for the purpose of representation, the test is as to the reasonable value of said work, not what was paid for it, or what the contract price was. But it depends entirely upon whether or not said work was reasonably worth the sum of $100. It is not the value of the claim, with or without the labor, nor the intrinsic value of the labor to the claim, but whether or not, under all the circumstances which surround the particular locality where the mine was situated at the time the labor was performed, the labor which was performed was reasonably of the value or would reasonably have cost $100."

The instruction so refused might undoubtedly have been proper if the evidence had been such as to render it appropriate. It was not applicable to the case made in the court below, for the reason that there was no evidence whatever that money was paid for the assessment work alleged to have been done by McKay or that a contract was made by him for the performance of the same. McKay's testimony was that he went on the claim and did thereon what he considered $100 worth of work; that he worked 10 days, and estimated the value of his work at $10 per day. On his cross-examination he admitted that he did not know what the prevailing wages were at that time and place for that kind of work. The plaintiffs in error offered no other testimony on that subject. In rebuttal thereof two witnesses testified, on behalf of the defendant in error, that the usual wages paid at that time and place for men to do such work was $2.50 per day and board and that the expense of board was not to exceed $1.50 per day. This condition of the evidence on the subject of the value of the work made applicable to the case the instruction which was given by the court on the subject; but there was nothing in it calling for that portion of the instruction asked for as to money paid or contract price, and we find no error in the refusal of the instruction in the form in which it was proffered.

It is said that the court erred in refusing the following instruction:

"The actual value of the work is the true test whether the law has been complied with; but, where the testimony is conflicting as to the value, it is proper for the jury to consider whether there has been a bona fide attempt to comply with the law"

—and in refusing another instruction in which the court was asked to instruct the jury that, if said D. W. McKay made a bona fide attempt to comply with the law, they should take that fact, if it were a fact, into consideration. To this it is sufficient to say that the bona fides of the attempt of an owner to comply with the law in order to obtain a forfeiture of his co-owner's interest has no part in the questions to be considered by the jury in aid of the proof that he did the requisite assessment work or otherwise. The law does not favor forfeiture. It is true that it has been held, in cases where it has been sought to establish a relocation of a mining claim, that the

bona fides of the prior locator might be taken into consideration in determining whether he had done the necessary assessment work to retain his claim. But this was held on the ground that courts are reluctant to enforce a forfeiture and will not do so, except upon clear and convincing proof of the failure of the former owner to perform the amount of labor required by law. Hammer v. Garfield Mining Co., 130 U. S. 291, 301, 9 Sup. Ct. 548, 32 L. Ed. 964, Emerson v. McWhirter, 133 Cal. 510, 65 Pac. 1036; Callahan v. James, 141 Cal. 291, 74 Pac. 853; Quimby v. Boyd, 8 Colo. 194, 6 Pac. 462.

It is contended that the court erred in adjudging the defendant in error to be the owner of one-half of the mining claim described in the complaint, instead of one-fourth, as claimed by her in her complaint and as found by the verdict. The entry of the judgment, in view of the pleadings and the verdict was evidently a clerical error. No effort was made to correct it in the court below. So far as the record goes, it was first suggested by the assignments of error filed at the time when the writ of error was sued out. By the allowance of the writ and the approval of the supersedeas, the court below lost jurisdiction to correct the error, and the defendant in error had thereafter no opportunity to suggest its correction in that court. The judgment of the court below should be modified, so as to adjudge the defendant in error to be the owner of a one-fourth interest in the premises described in the complaint. This will be ordered without costs to the plaintiffs in error.

The cause is remanded to the court below, with instructions to correct the judgment as above indicated. In other respects the judgment is affirmed.