## PURMAN v. MARSH.

(Court of Appeals of District of Columbia. Submitted November 4, 1919. Decided December 1, 1919.)

No. 3265.

1. LANDLORD AND TENANT $\Longleftrightarrow$144—TENANT MUST SURRENDER POSSESSION ON TERMINATION OF LEASE.

It is a tenant's duty to surrender possession when his lease terminates, even if he had made a good tender of the rent then due.

2. APPEAL AND ERROR $\Longleftrightarrow$440—LOWER COURT AFTER APPEAL AND SUPERSEDEAS MAY NOT AMEND JUDGMENT.

Where defendant in open court noted an appeal and secured approval of a supersedeas bond, the lower court was without jurisdiction to thereafter amend the judgment appealed from.

3. APPEAL AND ERROR $\Longleftrightarrow$719(3)—JURISDICTIONAL ERROR NOT ASSIGNED WILL BE NOTICED.

Although appellant did not assign as error the lower court's action in amending the judgment after an appeal therefrom had been taken, yet where it plainly appears upon the face of the record, and since the question is jurisdictional, the Court of Appeals will notice the error upon its own motion under rule 8, § 5.

Appeal from the Supreme Court of the District of Columbia.

Action by Margaret R. Marsh against William J. Purman. Judgment for plaintiff, and defendant appeals. Remanded, with instructions to set aside part of the judgment, and judgment otherwise affirmed.

E. S. Duvall, of Washington, D. C., for appellant.

F. S. Bright and H. S. Hinrichs, both of Washington, D. C., for appellee.

SMYTH, Chief Justice. Margaret R. Marsh on January 7, 1919, instituted an action in the municipal court to recover from William J. Purman possession of certain premises known as 2635 Garfield street, N. W. She alleged that the defendant was in arrears of rent, and prayed judgment "for the restitution of said premises and costs of this suit." She secured a judgment for possession and costs. Purman appealed. Marsh filed her affidavit of merit under rule 19 of the Supreme Court of the District, and asked for judgment. Purman filed an affidavit of defense. The court, holding that his affidavit was not sufficient, gave judgment of restitution against him and for $400 rent due. Purman appeals, and assigns three errors, but they present only two questions, namely: (a) Whether his affidavit of defense raised a question of fact for trial by a jury; and (b) whether Marsh had a right to recover rent in the Supreme Court, in view of the allegations of the complaint in the municipal court.

Purman denies that the appellee was a "bona fide purchaser for her own occupancy." This presents a question under the so-called Saulsbury Resolution (40 Stat. 593), but, as we have held this reso-

lution to be void (Willson v. McDonnell, 49 App. D. C. 280, 265 Fed. 432), the denial is immaterial.

[1] It is admitted that according to the terms of Purman's lease his right to possession ceased on September 30, 1918, and even if he had made a good tender of the rent due, as he claims, it was his duty to surrender possession on that date. We doubt that appellee claimed any rent in the municipal court, as required by rule 19. Certainly she made no request for a judgment for rent, and the judgment which she received did not cover rent. But, however that may be, we are of opinion that the judgment of the Supreme Court, so far as it awards rent, must be set aside.

[2, 3] On March 7th the court entered judgment for possession and costs of suit. Defendant thereupon in open court noted an appeal to this court, and on March 8th gave the supersedeas bond provided for in the judgment, and on that date it was approved. Four days later the court, on the suggestion of appellee that the judgment gave her only possession, and did not award rent, amended the judgment by including the latter. Upon authority of decisions of this court and other courts we held, in Lasier v. Lasier, 47 App. D. C. 80, 83, that where a party noted his appeal in open court and filed the necessary appeal bond, which was later approved, it had the effect of removing the judgment "from the jurisdiction of the lower court to this court. After that it was not competent for the lower court to make any change in the decree." In view of this the court had no authority to amend the judgment in the case before us so as to include rent. While appellant did not assign this as error, it plainly appears upon the face of the record, and, as it relates to a jurisdictional question, we notice it sua sponte. Rule 8, § 5.

The case, therefore, will be remanded, with instructions to the Supreme Court to set aside that part of the judgment relating to the rent, but in all other respects the judgment is affirmed, at the cost of the appellant.

Affirmed.