## THE MIDLAND TERMINAL RY. CO. et al. v. WARINNER.

(Circuit Court of Appeals, Eighth Circuit. November 12, 1923.)

No. 6337.

1. **Appeal and error** &#9901;&rarr;452—**Trial court does not lose jurisdiction until appeal or writ of error is perfected.**

Before an appeal or writ of error has been perfected, the trial court has jurisdiction to vacate the incomplete appeal or writ of error, and thereafter proceed as though such steps toward appellate review had not been taken.

2. **Appeal and error** &#9901;&rarr;452—**Trial court may allow second appeal or writ of error within time limited by statute.**

After an appeal or writ of error has been perfected, but has spent its force or been abandoned, the trial court may, within proper time after entry of the decree or judgment to be reviewed, allow another appeal or writ of error.

---
&#9901;&rarr;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. **Appeal and error ⬤═➤436—Jurisdiction of trial court after perfection of appeal or error proceedings.**

While an appeal or writ of error which has been perfected is in force, all jurisdiction over the case is transferred from the trial to the appellate court, except that, during the term or within the time required by law, the trial court may do such things as are appropriate to perfect the record for the appellate court or to protect the res pending the review.

4. **Appeal and error ⬤═➤351(2)—Steps necessary to perfect error proceeding.**

Allowance and issuance of a writ of error, filing the assignment of errors, approval of a required bond, and signing the citation perfect a writ of error.

5. **Appeal and error ⬤═➤351(2)—Steps necessary to perfect appeal.**

Allowance of an appeal and approval of a supersedeas or an appeal bond perfect an appeal.

6. **Appeal and error ⬤═➤438—After perfection of writ of error, trial court is without jurisdiction to entertain motion for new trial.**

Where all necessary steps had been taken to perfect a writ of error, which was still in force, the trial court was without jurisdiction to entertain a motion for new trial, or to take any action thereon affecting the existing judgment.

7. **Courts ⬤═➤405(14)—Circuit Court of Appeals may permit docketing of case after time required by rules.**

The Circuit Court of Appeals has a discretion to permit the docketing of a case, though rule 16, requiring it to be docketed and the record filed on or before return day, has not been complied with.

8. **Exceptions, bill of ⬤═➤40(4)—After expiration of term and of time for presenting, court is without jurisdiction to allow.**

A trial court is without jurisdiction to allow a bill of exceptions after the term and the extended time allowed for filing the bill have expired.

In Error to the District Court of the United States for the District of Colorado; John Foster Symes, Judge.

Action at law by Henry F. Warinner against the Midland Terminal Railway Company and others. Judgment for plaintiff, and defendants bring error. Affirmed.

C. C. Hamlin, of Colorado Springs, Colo. (H. J. McCoy, of Colorado Springs, Colo., on the brief), for plaintiffs in error.

Martin J. O'Donnell, of Kansas City, Mo., and William A. Hill, of Denver, Colo. (George H. Kelly, William Buchholz, and I. B. Kimbrell, all of Kansas City, Mo., on the brief), for defendant in error.

Before STONE and LEWIS, Circuit Judges, and VAN VALKEN-BURGH, District Judge.

STONE, Circuit Judge. This is a writ of error from a judgment awarding damages for personal injuries. No attack is made here on the liability for the injury but the challenge is aimed at the measure and the amount of damages.

Before we can reach consideration of the merits of the above challenge, we must determine several motions filed in this court. To understand these motions, it is necessary to set forth the proceedings in the trial court in connection with the judgments, writs of error and bills of exceptions. For convenience, plaintiffs in error will be referred to as the companies and the defendant in error by name. On September 13, 1922, judgment was entered upon a verdict; on the same

date, the companies were allowed 15 days to file motion for new trial and 60 days to file bill of exceptions; on September 25, the companies filed, in the trial court, their assignments of errors and petition for writ of error to this court, an order allowing the writ was entered, supersedeas bond thereon approved and filed, the writ and citation issued; September 27, motion for new trial was filed; October 9, the above citation was filed; November 9, bill of exceptions approved and filed and an order made extending return day of citation on the above writ of error for 60 days; November 24, the motion for new trial was heard and denied; December 1, the motion for new trial was denied on condition that Warinner enter a remittitur reducing the judgment from $12,-266.50 to $10,500; December 18, Warinner, "objecting and excepting" to the action of the court in entertaining or passing upon the motion for new trial because of lack of jurisdiction to entertain or consider such motion, filed the required remittitur; December 26, motion for new trial denied and judgment entered upon the remittitur; January 4, 1923, the companies filed, in the trial court, their assignment of errors and petition for writ of error to this court from the judgment entered on the remittitur on December 26, an order allowing the writ was entered, the writ issued, supersedeas bond approved and filed and citation issued; January 8, motion praying withdrawal of bill of exceptions (theretofore filed) filed and sustained, the bill of exceptions ordered "permanently" withdrawn and the companies given 60 days to file bill of exceptions; February 8, bill of exceptions approved and filed; March 1, return day of citation on second writ of error extended 60 days; April 12, record filed in this court.

The above outline reveals that two judgments were entered (one on the verdict and one on the remittitur); two writs of error were allowed and two bills of exceptions (the first withdrawn later) approved and filed. In justice to the trial court, it should be stated that various of the above orders were made by different judges who probably were not thoroughly informed as to the different steps theretofore taken. The writ of error before us is that allowed January 4, 1923, and the bill of exceptions contained in the transcript is that approved and filed February 8, 1923.

Warinner filed here three motions as follows: (1) To dismiss the writ of error allowed January 4, 1923; (2) to dismiss the writ of error allowed September 25, 1922, or to affirm the judgment entered September 13, 1922; (3) to strike the bill of exceptions from the record. Thereafter, the companies filed their motion to docket the case on the writ of error allowed September 25, 1922, "and upon the record filed in this court as aforesaid on April 12, 1923."

The contentions of Warinner upon his motions are that the first writ of error was perfected; that it transferred jurisdiction from the trial court except in so far as necessary to complete the record on the writ; that, therefore, there was no jurisdiction in the trial court to consider the motion for new trial, to alter the first judgment, to allow a second writ of error or, after expiration of the 60 days given therefor on September 13, 1922, to approve a bill of exceptions. The companies say:

"It is the contention of the plaintiffs in error that both writs were properly allowed, and that both writs are before this court for consideration; that the court acted within its jurisdiction in entering the judgment of January 4, 1923, and that citation was properly issued thereon, and that even if this be not true, the case is before the court on the writ of error and citation issued on the original judgment."

As all steps in these writs of error took place in the trial court, we are not concerned with the situation where such are the orders or results of orders of an appellate court or an appellate justice or judge.

The applicable law is as follows:

[1] (1) Before an appeal or writ of error has been perfected, the trial court has jurisdiction to vacate the incomplete appeal or writ of error and thereafter proceed as though such steps toward appellate review had not been taken. Cherokee Nation v. Whitmire, 223 U. S. 109, 32 Sup. Ct. 200, 56 L. Ed. 370; Aspen M. & S. Co. v. Billings, 150 U. S. 31, 35, 14 Sup. Ct. 4, 37 L. Ed. 986; Brandies v. Cochrane, 105 U. S. 262, 26 L. Ed. 989; Goddard v. Ordway, 101 U. S. 745, 752, 25 L. Ed. 1040.

[2] (2) After an appeal or writ of error has been perfected but has "spent its force" (Evans v. Bank, 134 U. S. 330, 10 Sup. Ct. 493, 33 L. Ed. 917) or has clearly been abandoned (Gould v. U. S., 205 Fed. 883, 123 C. C. A. 480, this court), the trial court may, within proper time after entry of the judgment or decree to be reviewed, allow another appeal or writ of error.

[3] (3) While an appeal or writ of error, which has been perfected, is in force all jurisdiction over the case is transferred from the trial to the appellate court (Hovey v. McDonald, 109 U. S. 150, 3 Sup. Ct. 136, 27 L. Ed. 888; Keyser v. Farr, 105 U. S. 265, 26 L. Ed. 1025; Draper v. Davis, 102 U. S. 370, 26 L. Ed. 121; Cochran v. Becker [C. C. A.] 276 Fed. 280, 283, in this court; Citizens' Bank v. Farwell, 56 Fed. 539, 6 C. C. A. 30, in this court; McKay v. Neussler, 148 Fed. 86, 88, 78 C. C. A. 154, 9th Circuit; In re Gustin [D. C. Michigan] 281 Fed. 320; Purman v. Marsh, 49 App. D. C. 125, 261 Fed. 1005; Kendrick v. Roberts [D. C. Georgia] 214 Fed. 268; St. L. & S. F. R. Co. v. Loughmiller [D. C. Oklahoma] 193 Fed. 689, 694; Clarke v. Bank [D. C. Nevada] 131 Fed. 145; Morrin v. Lawler [C. C. New York] 91 Fed. 693; see, also, Anderson v. Comptois, 109 Fed. 971, 975, 48 C. C. A. 1 [9th Circuit]); except that the trial court may do such things as are appropriate to perfect the record to go to the appellate court (Hovey v. McDonald, 109 U. S. 150, 157–159, 3 Sup. Ct. 136, 27 L. Ed. 888) or to protect the res pending the review (Merrimack R. Sav. Bank v. Clay Center, 219 U. S. 527, 31 Sup. Ct. 295, 55 L. Ed. 320, Ann. Cas. 1912A, 513; Goddard v. Ordway, 94 U. S. 672, 24 L. Ed. 237; Bronson v. R. R., 1 Wall. [68 U. S.] 405, 17 L. Ed. 616). Of course, action by the trial court must be within the term or time required by law, whether such action be pending a perfected review or not.

[4, 5] (4) While there is some confusion as to the effect of different steps in the perfection of an appeal or writ of error, this much seems certain: That allowance and issuance of a writ or error, filing the assignment of errors, approval of a required bond and signing the

citation perfect a writ of error; and that allowance of an appeal and approval of a supersedeas or appeal bond perfect an appeal. Credit Co. v. Ark. Cent. Ry., 128 U. S. 258, 261, 9 Sup. Ct. 107, 32 L. Ed. 448; Keyser v. Farr, 105 U. S. 265, 266; Draper v. Davis, 102 U. S. 370, 26 L. Ed. 121; Lockman v. Lang, 132 Fed. 1, this court; Simpson v. Bank, 129 Fed. 257, 63 C. C. A. 371, this court; Purman v. Marsh, 49 App. D. C. 125, 261 Fed. 1005; McKay v. Neussler, 148 Fed. 86, 78 C. C. A. 154, 9th Circuit; Fitzpatrick v. Graham, 119 Fed. 353, 56 C. C. A. 95, 2d Circuit.

[6] Here, the first writ of error was fully perfected since the petition for the writ and the assignment of errors were filed, the writ allowed and issued, a supersedeas bond approved and filed and the citation signed. It has never "spent its force" because the term of this court at which such case should be docketed has not passed. Nor has it been abandoned, as the companies are now presenting their motion to docket the case under that writ and state in their brief that:

"It is the contention of the plaintiffs in error *that both writs were properly allowed*, and *that both writs are before this court for consideration;* that the court acted within its jurisdiction in entering the judgment of January 4, 1923, and that citation was properly issued thereon, and that even if this be not true, the case is before the court on the writ of error and citation issued on the original judgment."

As the first writ of error had been perfected, the trial court had no jurisdiction, pending the same, to permit a motion for new trial to be filed or to take any action thereon or affecting the existing judgment.

[7] The results of the application of the above rules of law to this state of facts and to the motions are (1) that the motion to dismiss the second writ of error should be sustained because the trial court was without jurisdiction to entertain such a matter while the first writ was alive; (2) the motion to dismiss the first writ of error must be denied and the motion to docket the case on such writ must be sustained because, first, Warinner has not complied with rule 16 of this court governing this matter, and, second, because, even had he so complied, this court has a discretion in the enforcement of that rule permitting it to act as justice seems to demand and we deem it proper to allow such docketing in the interests of justice.

[8] The above disposition leaves the cause docketed in this court upon the first writ of error. It leaves undisposed the motion to strike the bill of exceptions and the motion to hear the cause "upon the record filed in this court as aforesaid on April 12, 1923," which is the record brought up on the second writ and containing but one bill of exceptions, to wit, that approved and filed on February 8, 1923. The term at which the judgment covered by the first writ of error was entered had expired before this bill was approved. The 60-day extension for filing the bill, given September 13, 1922, had likewise expired. Therefore, the time within which the bill of exceptions could be filed had passed and the court had no jurisdiction to allow and make any bill of exceptions a part of this record. It must follow, that the motion to strike the bill of exceptions must be sustained and the motion to hear the cause on such bill must be denied.

The above disposition of the motions here presented leaves the cause for hearing on the first writ of error upon the record proper only. As all of the errors urged here relate to matters which do not appear in the record proper and could appear only in a bill of exceptions; and since there is no bill of exceptions here, the judgment from which the first writ of error was taken (that of September 13, 1922) must be affirmed.

The order will be that the motions will be disposed of as above indicated and the judgment of September. 13, 1922, affirmed.