## LUTJENS v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit. February 13, 1928.

No. 5066.

Courts ⊜405(14)—Circuit Court of Appeals held without jurisdiction of writ of error sued out more than three months after judgment entry or to change record.

Where writ of error was not sued out until more than three months after entry of judgment, the Circuit Court of Appeals is without jurisdiction to review the judgment, nor has it power to change the record of the trial court, but dismissal may be without prejudice to the merits, and with leave to the trial court to entertain a motion to correct its record on a showing that judgment was prematurely entered without the knowledge of plaintiff in error.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; George M. Bourquin, Judge.

Action at law between the United States and Margaret Lutjens, as administratrix of the estate of Charles Lutjens, deceased. Judgment for the United States, and Lutjens brings error. Writ dismissed without prejudice, and with directions.

J. N. Gillett and H. H. North, both of San Francisco, Cal., for plaintiff in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. There is a preliminary question of our jurisdiction. Admittedly the writ of error was not sued out until February 23, 1927. The petition for the writ refers to an "order and judgment" on "the 20th day of December, 1926," and the order allowing it to "the decision and judgment" of that date. No judgment at all was made or entered on December 20th, and the only order or decision made on that date consisted of a rejection of certain supplementary or amendatory findings requested by plaintiff in error. A judgment, final in form, was entered on November 18, 1926. This entry was made by the clerk in harmony with a brief memorandum decision that day made by the District Judge.

Asserting that when they took out the writ they were of the belief that the judgment had been entered immediately after the rejection of the requested amendatory findings, and that they were ignorant of the earlier entry until they received defendant's brief, subsequently to the filing of the record in this court, counsel for plaintiff, upon notice, made in the court below an application, based upon a verified showing of misprision by the clerk, to have the record corrected to indicate entry of the judgment as of December 20, 1926. The petition was denied without prejudice, upon the ground that, a writ of error having been sued out, the District Court was without jurisdiction. McKay v. Neussler (C. C. A.) 148 F. 86, 88. Upon the same showing plaintiff in error presents here a similar application for relief.

More than three months having elapsed before the writ was taken out, admittedly we are without jurisdiction to review the judg-

ment of November 18th, and that is the only judgment ever entered; the entries of December 9th and 20th being nothing more than incidental procedural orders. Nor is the desired correction of the trial court's records within our original cognizance. The application is not for a direction to send up a correct record, but to make a new record, and that is a matter in the first instance for the trial court. We therefore find no escape from the necessity of dismissing the writ for want of jurisdiction. The order, however, will be without prejudice to the merits, and with leave to plaintiff in error to renew her application to the trial court, or to present a new application, and also without prejudice to the right of that court to grant such relief as otherwise may be within its competency, and as the facts and the law may warrant.

Furthermore, in the interest of economy, in case there is another writ of error, such parts of the present record as shall be material thereto may be adopted by reference without the necessity of reprinting; this to include briefs. Without prejudice, however, to the right of the government to have the lower court correct errors, if any there be, in the bill of exceptions, so that it will truly exhibit the records in the office of the clerk of the District Court.

So ordered.