## WEINSTEIN v. BLACK DIAMOND S. S. CORPORATION et al.

Circuit Court of Appeals, Second Circuit.
March 23, 1929.

Finkler & McEntire, of New York City, for the motion.

William E. Collins, of New York City, opposed.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM. In an action at law for cargo damage judgment was entered for the plaintiff against Black Diamond Steamship Corporation, defendant, on September 28, 1928. On October 22d a supersedeas bond was filed and approved by a District Judge. On December 17th notice of appeal and assignment of errors were filed by said defendant. On December 24th an order was filed, extending the term to January 22, 1929, for the purpose of enabling defendant to serve, file, and settle the bill of exceptions and transcript of record upon appeal; and on the date last mentioned a further extension was ordered. No petition for leave to appeal has been filed, and no order formally allowing an appeal has been entered; nor has any citation on appeal ever been issued. On these facts the plaintiff moves for dismissal of the appeal upon several grounds: (1) That no leave to appeal was asked and no order allowing the appeal was obtained; (2) that no citation has been issued; and (3) that no assignment of errors was on file when the supersedeas bond was filed and approved.

This appeal is governed by the Act of January 31, 1928, as amended by the Act of April 26, 1928 (28 USCA §§ 861a, 861b):

"The writ of error in cases, civil and criminal, is abolished. All relief which heretofore could be obtained by writ of error shall hereafter be obtainable by appeal.

"The statutes regulating the right to a writ of error, defining the relief which may be had thereon, and prescribing the mode of exercising that right and of invoking such relief, including the provisions relating to costs, supersedeas, and mandate, shall be applicable to the appeal which the preceding section substitutes for a writ of error."

Aside from changes introduced by this statute, it may be conceded that the motion would have to be granted. The mere approval of a bond by the judge of the trial court could not operate as a writ of error. Loveless v. Ransom, 109 F. 391 (C. C. A. 7); Tuskaloosa N. Ry. Co. v. Gude, 141 U. S. 244, 11 S. Ct. 1004, 35 L. Ed. 742. But the statute must have done more than merely change the title of the suitor in the appellate court from plaintiff in error to appellant. Informalities which were not fatal in appeals from decrees in equity or admiralty should now, we think, receive equal leniency in appeals from judgments at law. It has never been necessary either for a writ of error or appeal that a formal order of allowance

should be made. Thus in Brandies v. Cochrane, 105 U. S. 262, 26 L. Ed. 989, an appeal was held good when the judge had signed the appeal bond and citation. The same was held as to a writ of error in Ex parte Virginia Commissioners, 112 U. S. 177, 5 S. Ct. 421, 28 L. Ed. 691, and Alaska United Gold Min. Co. v. Keating, 116 F. 561 (C. C. A. 9). See also (obiter) Fitzpatrick v. Graham, 119 F. 353, 354 (C. C. A. 2). In Louisville Trust Co. v. Stockton, 72 F. 1 (C. C. A. 5), signing the bill of exceptions and the citation were equally effective. In the case of In re Fiechtl (C. C. A.) 107 F. 618, the precise point was passed upon by the Seventh Circuit, and it was held that the mere approval of the appeal bond and the entry of an order extending the time to file the record was enough. Approval of a supersedeas bond is as effective as approval of an appeal bond. Midland Term. Ry. Co. v. Warinner, 294 F. 185, 189 (C. C. A. 8). However, in Loveless v. Ransom, supra, the Fiechtl decision was distinguished as inapplicable to a writ of error. But that distinction, we think, has been wiped out by the recent statute. Consequently the first ground of dismissal is insufficient.

Nor does the failure to issue a citation defeat jurisdiction. Where the appeal is taken in time, citation may issue later. Jacobs v. George, 150 U. S. 415, 14 S. Ct. 159, 37 L. Ed. 1127; Rector v. Alcorn, 204 F. 748 (C. C. A. 5); Nome & Sinook Co. v. Ames Mercantile Co., 187 F. 928 (C. C. A. 9); In re Fiechtl, supra.

The acts of Congress did not require the filing of an assignment of errors before the allowance of a writ of error or of an appeal. 28 USCA §§ 862, 880. Rule 10 of this court does now require it, but this rule was not in effect on October 22, 1928, when the bond was filed and approved. At that time rule 10 provided:

"The appellant shall file with the clerk of the court below an assignment of errors, which shall set out separately and particularly each error asserted and intended to be urged. No appeal shall be heard until such assignment of errors shall have been filed. * * * Such assignment of errors shall form part of the transcript of the record and be printed with it. When this is not done counsel will not be heard, except at the request of the court; and errors not assigned according to this rule will be disregarded, but the court, at its option, may notice a plain error not assigned."

Consequently such decisions as Simpson v. First Nat. Bank (C. C. A.) 129 F. 257; Lockman v. Lang (C. C. A.) 132 F. 1, and Reed v. Anderson (C. C. A.) 236 F. 345, all from the Eighth Circuit, are inapplicable. The failure to return with a writ of error an assignment of errors is not jurisdictional, so as to compel dismissal. Independent School District v. Hall, 106 U. S. 428, 1 S. Ct. 417, 27 L. Ed. 237; United States v. Pena, 175 U. S. 500, 502, 20 S. Ct. 165, 44 L. Ed. 251.

The motion to dismiss is denied.